## UNIVERSAL MARINE INSURANCE COMPANY, LTD., Plaintiff,

v.

## BEACON INSURANCE COMPANY, Neill Portermain, New Orleans Reinsurers, Inc., Robert Schirmer, B.F.G. Toomey & Associates, Inc., B.F.G. Toomey Associates, Ltd., Barry Toomey, and Cherokee Insurance Company, Ltd., Defendants.

### No. ST–C–83–328–P.

United States District Court, W.D. North Carolina, Statesville Division.

Aug. 6, 1984.

Bruce Friedman, Kroll, Pomerantz & Cameron, New York City, Hugh Campbell, E. Fitzgerald Parnell, III, Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, Charlotte, N.C., for plaintiff.

James E. Walker, Walker, Palmer & Miller, Charlotte, N.C., Katherine D. Woodruff, Condos, Shafer, Paynor, Ramsey, Beggs & Woodruff, Dallas, Tex., Ronald A. Jacks, Paul W. Schroeder, David M. Spector, Edward R. Gower, Isham, Lincoln & Beale, Chicago, Ill., for Beacon Ins. Co. and Neil Portermain.

Raymond E. Owens, Jr., Charlotte, N.C., for New Orleans Reinsurers and Robert Schirmer.

Charles H. Warfield, Thomas P. Kanady, Jr., Rachel L. Steele, Farris, Warfield & Kanaday, Nashville, Tenn., Harold M. Tract, Rein, Mound & Cotton, New York City, John DeQ Briggs, W. Donald Dresser, Howrey & Simon, Washington, D.C., for Cherokee Ins. Co., Ltd.

Robert B. Cordle, E. Osborne Ayscue, Helms, Mulliss & Johnston, Charlotte, N.C., Gaston H. Gage, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., for defendants Frederick B. Ingram and Ingram Corp.

## TEMPORARY RESTRAINING ORDER

ROBERT D. POTTER, Chief Judge.

**THIS MATTER** was heard before the undersigned on August 1, 1984 in Charlotte, North Carolina. The Plaintiff was represented by Bruce M. Friedman and Hugh B. Campbell, Jr. Beacon Insurance Company ("Beacon") was represented by Ronald A. Jacks, David M. Spector, and Lane Wharton. Cherokee Insurance Company ("Cherokee") was represented by Thomas P. Kanaday, Rachel L. Steele, Robert B. Cordle, and Robert Pryor. Dana Corporation ("Dana") was represented by W. Donald Dresser. Bercanus Insurance Company ("Bercanus") and Neill Portermain were represented by James E. Walker. New Orleans Reinsurers, Inc. ("Nola Re") and Robert Schirmer were represented by Raymond E. Owens. Frederick B. Ingram and Ingram Corporation were represented by Gaston H. Gage. The hearing was held on motion of Beacon for a temporary restraining order.

On May 4, 1984 this Court stayed all proceedings and ordered Cherokee to arbitrate with Beacon and Nola Re concerning five different reinsurance treaties. 588 F.Supp. 735. Cherokee, Beacon, and Nola Re proceeded to negotiate reforming the five separate arbitration clauses in order to develop a unified arbitration process.

While the parties negotiated reform of the arbitration process Cherokee was placed into voluntary receivership. The Chancery Court for Davidson County, Tennessee, entered a rehabilitation order on July 17, 1984 appointing John C. Neff, Commissioner of Commerce and Insurance for the State of Tennessee as statutory receiver for the purposes of rehabilitation of Cherokee.

The rehabilitation order vests Commissioner Neff with "immediate possession of all the property, assets, and estate, rights of action, and all other property of every kind whatsoever and *wheresoever located* belonging to ... Cherokee." (emphasis supplied). The Tennessee order further provides:

K. All persons, corporations or associations within the jurisdiction of this court are hereby enjoined and restrained from commencing or further prosecuting any action at law or in equity or any other proceedings, *including but not limited to any arbitration proceedings*, against Respondent Cherokee or the receiver, or from in any way interfering with the receiver in his possession or control of all assets of respondent Cherokee within the jurisdiction of this court.

L. All policyholders, creditors, and claimants of Respondent Cherokee are hereby enjoined and restrained from asserting any claim against Respondent Cherokee except in these receivership proceedings. (emphasis supplied).

Beacon apparently adhering to this Court's Order of May 4, 1984 compelling arbitration informed Cherokee that Cherokee was obliged to designate its arbitrator by July 23, 1984. By letter sent to Beacon on July 20, 1984 counsel for Cherokee advised counsel for Beacon that the Tennessee rehabilitation order:

prohibits Beacon, among others, from pursuing or further prosecuting any claims against Cherokee except in the Tennessee receivership proceedings. The law is quite clear that such an order is fully appropriate.

In these circumstances, while Cherokee has appointed an arbitrator, no arbitration or other proceeding involving Cherokee can go forward absent the consent of the Tennessee authorities which consent has not been obtained.

On July 25, 1984, a meeting was held between the North Carolina Department of Insurance, representing Beacon and the Tennessee Department of Commerce and Insurance, representing Cherokee. Beacon contends that it was advised that Commissioner Neff intended to seek an order from a Tennessee state court specifically enjoining the Beacon/Cherokee arbitration ordered by this Court. Beacon was allegedly

further advised that Commissioner Neff intended to seek an order directing that the funds held in this Court's registry pursuant to the March 2, 1984 Order, 581 F.Supp. 1131, be transferred "somewhere else". The attorneys for Cherokee present at the meeting have denied by affidavit that the above representations were made.

Regardless of whether the above representations were made or not, it is clear that on the day of the meeting an order was entered by a Tennessee state court which attempts to specifically enjoin the arbitration between Beacon and Cherokee ordered by this Court pursuant to the United States Arbitration Act, 9 U.S.C. § 1, *et seq.* (1982). The July 25, 1984 Tennessee order provides:

> ... that all persons, firms, corporations, and associations, including but not limited to *Beacon Insurance Company and New Orleans Reinsurers, Inc., are hereby enjoined and restrained from commencing or further prosecuting* any action at law or in equity or any other proceeding, including but not limited to, *any arbitration proceeding* which affects or relates to or seeks to affect or relate to, in any form or manner the assets or property rights or interests, of any kind or nature of the respondent Cherokee, except in this receivership. (emphasis added).

The following day Beacon filed the instant motion requesting this Court to enjoin Cherokee and Commissioner Neff from seeking an order in any other forum that would in any way interfere with this Court's Order of May 4, 1984 compelling arbitration and the Order of March 2, 1984 directing that the funds be held in the registry of the Court. Beacon, in addition requests the Court to enjoin Cherokee and Commissioner Neff from "allowing to be maintained an order" that would in any way interfere with this Court's Order of May 4, 1984, compelling arbitration, and the Order of March 2, 1984 directing that the funds be held in the registry of the Court.

In the instant case when this Court ordered Beacon, Cherokee, and Nola Re to arbitrate an action was not pending in Tennessee. The Order to arbitrate did not directly or indirectly infringe on another sovereign's jurisdiction. The Tennessee orders, however, by enjoining the parties from proceeding with the arbitration *previously ordered by this Court,* clearly attempt to circumvent the arbitration Order of this Court and prevent this Court's exercise of its jurisdiction. Cherokee surely recognized that an injunction restraining Beacon from proceeding with the ordered arbitration would in effect attempt to control what occurs in this forum.

 Addressing the validity of the Tennessee orders, it is "well-established" that a state court cannot validly enjoin an *in personam* action in federal court. *Donovan v. City of Dallas,* 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). The fact that the injunction is addressed to the parties rather than the Court does not alter the invalidity of the injunction. *Id.* The Court is, therefore, of the opinion that the Tennessee State Court is completely without authority to issue a valid order hindering, directly or indirectly, the arbitration previously ordered by this Court.

Unfortunately this Court's opinion as to the invalidity of the Tennessee orders is of little solace to Beacon, their counsel and representatives who remain subject to sanctions for contempt in Tennessee until the Tennessee courts decide to modify or vacate the orders. The mere existence of the Tennessee order, albiet invalid, hangs as a Damocleum sword over the litigants, delaying, impeding, and interfering with the ordered arbitration and the rights of Beacon and all the parties to a prompt resolution of their disputes.

In light of the above the Court finds that it clearly appears immediate and irreparable injury, loss and damage will result to Beacon unless Cherokee is enjoined from seeking such further orders in Tennessee in that although such orders are invalid they have a chilling effect on the exercise of Beacon's rights in this litigation, they

subject Beacon's counsel to possible sanctions for contempt for proceeding with an order of this Court and they delay Beacon's right to a speedy and just resolution of their claim.

**IT IS, THEREFORE, ORDERED** that:

(1) Cherokee and Commissioner Neff in his capacity as statutory receiver for Cherokee and their attorneys, agents, and representatives, are enjoined until 5:00 p.m. on Friday, August 17, 1984 from seeking an order in any other forum that would in any way interfere with this Court's Order of May 4, 1984 compelling Cherokee to arbitrate or with this Court's Order of March 2, 1984 directing that certain funds be held in the registry of this Court or with other proceedings before this Court;

(2) Cherokee and Commissioner Neff in his capacity as statutory receiver for Cherokee and their attorneys, agents, and representatives are enjoined until 5:00 p.m., on Friday, August 17, 1984 from seeking the issuance of a contempt order against Beacon for proceeding with the arbitration and the other matters before this Court;

(3) A hearing will be held on Wednesday, August 15, 1984 at 9:00 a.m. concerning Beacon's motion for a preliminary injunction and motion for a constructive trust, the Plaintiff's motion to stay and motion for reconsideration, and Cherokee's motion to stay;

(4) The parties are directed to file briefs on or before Friday, August 10, 1984;

(5) Cherokee is temporarily relieved during the pendency of this Temporary Restraining Order from its obligation to go forward with the arbitration. The Court, however, informs Cherokee that it is in good faith to attempt to be prepared to go forward with arbitration by Wednesday, August 15, 1984. Further, if the parties are unable to consent to a mutually satisfactory arbitration process by August 15, 1984, the Court will seriously consider compelling the parties to go for-ward with the arbitration processes as set forth in the five reinsurance treaties; and

(6) As Cherokee waived the right to the security provided for in Fed.R.Civ.P. 65(c) Beacon is not required to post any security during the pendency of this Temporary Restraining Order.