754 F.2d 1394
 ATSA OF CALIFORNIA, INC., Plaintiff/Cross-Claimant/Appellant,
v.
CONTINENTAL INSURANCE CO., etc., Defendant,
v.
CAIRO GENERAL CONTRACTING CO., Cross-Defendant/Appellee.
Hamed ABULHASSAN, Counter-Defendant/Appellant,
v.
CAIRO GENERAL CONTRACTING CO., Cross-Defendant/Appellee.
ATSA OF CALIFORNIA, INC., Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent,
Cairo General Contracting Company, Real Party in Interest.
 Nos. 81-6017, 81-6026 and 84-7565.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 29, 1984.
Decided Feb. 25, 1985.
 
 1
 Robert E. Currie, Stephen J. Sturgill, Latham & Watkins, Newport Beach, Cal., for ATSA of California.
 
 
 2
 Leo J. Vander Lans, Stephen T. Owens, Graham & James, Los Angeles, Cal., for Cairo General Contracting Co.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Petition for Writ of Mandamus to the United States District Court for the Central District of California.
 
 
 5
 Before ANDERSON and PREGERSON, Circuit Judges, and SOLOMON*, District Judge.
 
 ORDER
 
 6
 On the basis of information supplied to the panel and the decision in Fertilizer Corporation of India v. IDI Management, Inc., 530 F.Supp. 542 (S.D.Ohio 1982), we assumed in our previous decision in this case that the International Chamber of Commerce (ICC) would not provide a neutral arbitrator to serve with the parties' partisan arbitrators. ATSA of California, Inc. v. Continental Insurance Co., 702 F.2d 172, 175-76 (9th Cir.1983). Consequently, we concluded that the parties' contractual agreement as to arbitration could not be fully executed. We ordered that, if the parties' partisan arbitrators were unable to agree upon a neutral arbitrator (umpire), the parties would then submit to ICC-supervised arbitration before three neutral arbitrators.
 
 
 7
 Contrary to the information previously available, the papers submitted by the parties on ATSA's petition for a writ of mandamus, filed August 29, 1984, indicate that the ICC will appoint a neutral arbitrator to serve with the parties' partisan arbitrators. The Rules for the ICC Court of Arbitration, art. 2, para. 1, provide that the ICC will appoint or confirm the appointment of neutral arbitrators "[i]nsofar as the parties shall not have provided otherwise...." The ICC Schedule of Conciliation and Arbitration Costs, app. III, para. IV, states: "A registration fee of US $100 is payable by each party if the ICC is called upon to appoint an arbitrator or arbitrators outside the Rules of Arbitration of the ICC." The court is informed that Cairo General Contracting Co. has applied to the ICC for the appointment of a neutral arbitrator to serve with the parties' partisan arbitrators and that the ICC stands ready to provide a neutral arbitrator.
 
 
 8
 As we stated in our previous decision, parties should be allowed "to attempt arbitration as they originally contemplated...." ATSA of California, 702 F.2d at 176; 9 U.S.C. Sec. 5. We previously failed to enforce the parties' contractual agreement--that they would obtain a neutral arbitrator from the ICC to serve with their partisan arbitrators--only because of our misunderstanding about ICC services. We now know that the ICC mechanism exists to carry out the parties' agreement.
 
 
 9
 Accordingly, the petition for a writ of mandamus is denied to the extent that it seeks review of the district court's orders entered May 25, 1983 and July 30, 1984. Moreover, we recall our mandate in Nos. 81-6017 and 81-6026 and amend our decision of March 21, 1983.
 
 
 10
 For paragraph IV of the opinion, we substitute the following:
 
 
 11
 The ATSA-Cairo contract provides that each party will select a partisan arbitrator, who in turn will agree upon a third, neutral arbitrator. If the two partisan arbitrators are unable to agree upon a third, neutral arbitrator, then the parties will apply to the International Chamber of Commerce (ICC) for the appointment of a neutral arbitrator. ATSA correctly contends that the district court exceeded the scope of the arbitration agreement when it ordered nomination of "neutral, disinterested" arbitrators. Under 9 U.S.C. Sec. 5, the parties' method of appointing arbitrators must be followed. Generally, partisan arbitrators are permissible. E.g., Orion Shipping and Trading Co. v. Eastern States Petroleum Corp., 284 F.2d 419, 421 (2d Cir.1960). We conclude that the district court's order must be modified to allow ATSA and Cairo to submit to arbitration as they originally contemplated, i.e., using two partisan arbitrators and one neutral arbitrator. If their partisan arbitrators cannot agree upon a neutral arbitrator, the parties shall then ask the ICC to appoint a neutral arbitrator.
 
 
 12
 For the last paragraph of the opinion, we substitute the following:
 
 
 13
 The district court's order is vacated in part. The case is remanded to the district court for revision of the arbitration order (1) to allow ATSA and Cairo an opportunity to appoint two partisan arbitrators and one neutral arbitrator, provided that if they cannot agree upon a neutral arbitrator, then they shall apply to the ICC for the appointment of a neutral arbitrator, and (2) to remove Abulhassan as a party to the arbitration.
 
 
 14
 The mandate shall issue forthwith in Nos. 81-6017 and 81-6026.
 
 
 15
 The petition for a writ of mandamus is granted with respect to the district court's order entered January 20, 1984. In that order, the district court held that the arbitrators should apply Egyptian law to resolve this commercial dispute. That order is directly contrary to our previous decision in which we stated that "the arbitrator has authority to determine the applicable law." ATSA of California, 702 F.2d at 175. Even at the joint request of the litigants, the district court may not deviate from the mandate of an appellate court. See Commercial Paper Holders v. Hine, 752 F.2d 1334, 1336-38 (9th Cir.1984). Mandamus is an appropriate remedy when such deviation occurs. See General Atomic Co. v. Felter, 436 U.S. 493, 497, 98 S.Ct. 1939, 1941, 56 L.Ed.2d 480 (1978).
 
 
 16
 The district court is directed to vacate its January 20, 1984 order. The arbitrators, and not the district court, have authority to determine the applicable law.
 
 
 17
 OPINION REPORTED AT 702 F.2d 172 AMENDED AS SET FORTH IN THIS ORDER. PETITION FOR WRIT OF MANDAMUS GRANTED IN PART AND DENIED IN PART.
 
 
 
 *
 The Honorable Gus J. Solomon, United States Senior Judge for the District of Oregon, sitting by designation