**MERRILL LYNCH, PIERCE, FENNER & SMITH INC., Plaintiff,**

v.

**John M. DOE (John Banks), Defendant.**

No. 94 Civ. 7826 (JGK).

United States District Court,
S.D. New York.

Nov. 3, 1994.

William T. Marshall, Jr., Sullivan & Marshall, New York City, for plaintiff.

*OPINION*

KOELTL, District Judge.

On the present application, plaintiff Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") seeks temporary declaratory relief declaring that it has the right, which cannot be enjoined by a state court, to proceed in federal court to seek injunctive relief in aid of an arbitration with a former Merrill Lynch financial consultant, defendant John Banks. For the reasons stated below, the Court, having heard oral argument from both sides and having received extensive evidentiary submissions, will grant the temporary declaratory relief sought. In the circumstances of this case, that relief is necessary to prevent irreparable injury and Merrill Lynch has demonstrated the clear likelihood of success on the merits in view of strong precedents from the United States Supreme Court which have held that a state court is without power to enjoin a person from proceeding with an *in personam* suit in federal court. *See Donovan v. City of Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964); *General Atomic Co. v. Felter,* 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977) ("General Atomic I"); *General Atomic Co. v. Felter,* 436 U.S. 493, 98 S.Ct. 1939, 56 L.Ed.2d 480 (1978) ("General Atomic II"); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 n. 24, 103 S.Ct. 927, 940 n. 24, 74 L.Ed.2d 765 (1983). The balance of the equities also tips decidedly in Merrill Lynch's favor on this application.

## I. BACKGROUND

This action involves a dispute between Merrill Lynch and a former broker in its Forth Worth, Texas office, John Banks. At the bottom of the controversy, of which only a small piece is at issue in this action, is Merrill Lynch's allegation that Banks, in violation of his employment agreement, is soliciting the clients he serviced at Merrill Lynch and is in possession of confidential Merrill Lynch information. Banks denies that he possesses confidential information and denies that it is wrongful for him to solicit the clients he personally served.

Banks alleges that the merits of this controversy should never come before a court, because the entire dispute should be in arbitration before the National Association of Securities Dealers, Inc. (the "NASD"). Banks alleges that he has already instituted an NASD arbitration proceeding and that Merrill Lynch is seeking to avoid arbitration by prosecuting this action. Merrill Lynch asserts that it is perfectly prepared to go to arbitration, but that it should be entitled to seek preliminary relief in aid of arbitration, in the form of a status quo injunction, to protect its customers and business information from misappropriation. *See, e.g., Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049 (2d Cir.1990) (holding that the Federal Arbitration Act does not preclude a federal district court from issuing preliminary injunctive relief pending arbitration). Merrill Lynch also alleges that it should have the right to pursue such relief in a federal court, or at least to present its case for such relief to a federal court, provided that the court has jurisdiction under the laws of the United States.

Merrill Lynch finds itself forced to attempt to vindicate this basic right to sue in a federal court in this action, because Banks has sought to close the door of the federal court house by prosecuting a state court action to enjoin Merrill Lynch from suing him in federal court, despite the plain teaching of *Donovan* and its successors. Banks filed his suit in New York State Supreme Court prior to his resignation, jumping the gun, because he apparently believed that he had an opportunity to obtain *ex parte* relief in that forum and that he was unlikely to be faced with a preliminary injunction against himself pending arbitration. The parties were very candid at oral argument in acknowledging the forum shopping in which they were engaging.

Indeed, we are informed by the parties that the maneuverings in the present cases are just a small part of a much larger pattern of forum shopping between the attorneys for the plaintiff—who have represented numerous former brokerage employees—and Merrill Lynch. Each accuses the other of seeking *ex parte* orders in various courts and not adequately advising the courts of the issues and principles involved. For example, Merrill Lynch charges that the attorneys for the plaintiff have obtained in excess of twenty temporary restraining orders in New York State Court aimed at establishing that forum's exclusive jurisdiction over arbitration proceedings, many of which were obtained *ex parte* and included injunctions against Merrill Lynch proceeding in federal court, despite the United States Supreme Court precedents giving it that right. The plaintiff in turn alleges, and Merrill Lynch denies, that Merrill Lynch attempts to obtain *ex parte* temporary restraining orders from federal courts around the country preventing its former brokers from soliciting clients and using client information.

On October 27, 1994, Banks instituted his action in the Supreme Court of the State of New York and included an application by order to show cause for an order in aid of arbitration and a temporary restraining order to compel Merrill Lynch to arbitrate and to enjoin it from instituting other proceedings. *In re the Application of John M. Doe v. Merrill Lynch, Pierce, Fenner & Smith,* No. 130317/94, N.Y.Sup.Ct. (October 27, 1994). On October 28, after one hour's notice to Merrill Lynch and without the presence of Merrill Lynch's counsel, Justice Lobis of the New York State Supreme Court granted the temporary restraining order which enjoined Merrill Lynch from commencing or prosecuting an action or proceeding on this matter in any court or any arbitration forum other than the NASD. Soon after Justice Lobis issued her order, counsel for Merrill Lynch arrived at her chambers

and advised her that this action had been filed in federal court earlier in the day, prior to the time that Merrill Lynch received notice to appear before her. Having been unaware of the pendency of this action when granting the temporary restraining order, Justice Lobis revised her order to permit Merrill Lynch to go forward before this Court. With respect to the commencement or prosecution of other proceedings, she continued the order pending the hearing on the application for an order in aid of arbitration, which is now scheduled for Friday, November 4, 1994.

In this present action before the Court, apparently filed in anticipation of the defendant's strategy to prevent Merrill Lynch from obtaining injunctive relief by commencing suit in an unfriendly forum, Merrill Lynch seeks only preliminary declaratory relief and a declaratory judgment declaring that it has the right, which cannot be abridged by a state court, to seek status quo injunctive relief in connection with Banks' pending arbitration. The status quo relief would be sought to protect Merrill Lynch pending a decision by the arbitration panel from the alleged misappropriation of its customer information.

On the evening of October 28, 1994, the day on which this action was filed, this Court heard lengthy arguments on behalf of both parties and has since received and reviewed extensive submissions.

## II. JURISDICTION

Jurisdiction for this declaratory judgment action is based on 28 U.S.C. § 1331, which provides that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1994). This case arises under the Supremacy Clause of the United States Constitution and the laws of the United States that define the jurisdiction of United States district courts. *See Donovan v. City of Dallas*, 377 U.S. 408,

413, 84 S.Ct. 1579, 1582–83, 12 L.Ed.2d 409 (1964) (reversing a grant of a state court injunction enjoining prosecution of a federal action and explaining, "Petitioners being properly in the federal court had a right granted by Congress to have the court decide the issues they presented, and to appeal to the Court of Appeals from the District Court's dismissal"). *See generally Illinois v. General Elec. Co.*, 683 F.2d 206, 211 (7th Cir.1982) (Posner, J.) (upholding federal question jurisdiction in a declaratory judgment action arising under the Supremacy Clause and the Commerce Clause), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).[1]

## III. AVAILABILITY OF TEMPORARY DECLARATORY RELIEF

■ Merrill Lynch has sought temporary declaratory relief rather than a temporary restraining order or a preliminary injunction against Banks or the State Court because it alleges that it seeks the least intrusive way of vindicating its right to proceed in federal court. Given the ability of the Court to issue a final declaratory judgment under 28 U.S.C. § 2201, which is equitable in nature, this Court also has the power to issue such provisional equitable relief when it is necessary based on the urgency of the situation, the irreparable harm that would otherwise occur, and the remaining factors which courts consider when granting provisional injunctive relief. Some courts have indeed acknowledged that temporary or preliminary declaratory relief is available to litigants as a provisional remedy. *See generally, Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 276 (7th Cir.1992) (Posner, J.) (citing cases in which some courts have found such relief available though others disagree and finding that preliminary declaratory relief is not appealable); *Delaughter v. Borden Co.*, 431 F.2d 1354, 1358 (5th Cir.1970).

---

1. Diversity jurisdiction also exists under 28 U.S.C. § 1332. While the citizenship of Banks was not originally clear at the time this suit was brought against "John Doe," and Merrill Lynch did not originally allege diversity jurisdiction, it is now clear that the defendant is a citizen of Texas and has been since this lawsuit began. Merrill Lynch now alleges that there is complete diversity and the amount in controversy is greater than $50,000. Therefore, jurisdiction is also appropriate under 28 U.S.C. § 1332.

■ Moreover, in the circumstances of this case, preliminary relief should be available under the All Writs Act, 28 U.S.C. § 1651, as relief which is necessary in aid of this Court's jurisdiction. *See, e.g., United States v. New York Telephone Co.*, 434 U.S. 159, 173–74, 98 S.Ct. 364, 372–73, 54 L.Ed.2d 376 (1977) (holding that, under the All Writs Act, " '[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated to achieve the ends of justice entrusted to it.' ... The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice ...") (citations omitted). Given the pendency of the state court action, the temporary restraining order enjoining the commencement of all other proceedings, and the possibility that that order will be amended to preclude Merrill Lynch from prosecuting this action, the requested temporary declaration is necessary to protect this Court's jurisdiction.

■ Preliminary declaratory relief in this case should be conditioned on the same familiar standards that the Court of Appeals has instructed should be applied to motions for preliminary injunctions. To prevail on a motion for a preliminary injunction, the party requesting relief must show:

(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

*International Bhd. of Teamsters v. Local Union No. 810*, 19 F.3d 786, 789 (2d Cir. 1994) (citing *Jackson Dairy v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979)). This Court has applied these strict standards in this case, even though a writ issued under the All Writs Act does not necessarily need to comply with the requirements of Fed. R.Civ.P. 65, because it is issued under independent statutory authority. *See In re Bald-win–United*, 770 F.2d 328, 338 (2d Cir.1985). The Court has applied these standards because the consequences of declaring the legal rights of the parties—even though preliminarily—may well have immediate consequences which equity demands be taken into consideration.

## IV. MERRILL LYNCH'S ENTITLEMENT TO PRELIMINARY DECLARATORY RELIEF

■ For the following reasons, the Court finds that Merrill Lynch has shown a substantial likelihood of success on the merits, and hence the existence of serious questions going to the merits; that it has shown that it will suffer irreparable injury; and that it has established that the balance of the equities tips in favor of granting it preliminary declaratory relief.

### A. *Likelihood of Success on the Merits:*

The Court finds that Merrill Lynch has clearly gone beyond establishing the existence of serious questions going to the merits of this litigation and has even gone well over the threshold of showing a likelihood of success on the merits. The issue here is not whether Merrill Lynch will eventually succeed on the merits of its claim to be entitled to status quo injunctive relief in aid of arbitration, but simply whether it has a right not to be enjoined from presenting that claim to a federal court. The current order by Justice Lobis purports to do precisely that, although it was amended to allow Merrill Lynch to prosecute this action. The order states:

[T]hat pending a hearing on this application, Merrill Lynch, its agents, servants, employees, attorneys, and any one acting on its behalf, and all other persons who receive actual notice of this Order, are hereby enjoined and restrained from commencing or prosecuting any action or proceeding in any court or arbitration forum other than the NASD against petitioner John Banks or concerning Petitioner arising out of his employment or termination of employment with Merrill Lynch and his subsequent hiring by Paine Webber Incorporated.

*In re the Application of John M. Doe v. Merrill Lynch, Pierce, Fenner & Smith,* No. 130317/94, N.Y.Sup.Ct. (October 27, 1994) (order of October 28, 1994). The Supreme Court has declared in no uncertain terms that, with respect to the commencement or prosecution of *in personam* actions in a federal court, such orders are simply unconstitutional and state courts are without power to issue them. In *Donovan v. City of Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), the Supreme Court held that:

> While Congress has seen fit to authorize courts of the United States to restrain state-court proceedings in some special circumstances, it has in no way relaxed the old and well-established judicially declared rule that state courts are completely without jurisdiction to restrain federal court proceedings in in personam actions like the one here. And it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself. For the heart of the rule as declared by this Court is that:
>
>> ... where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be asserted or taken away by proceedings in another court.... The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum.
>
> Petitioners being properly in the federal court had a right granted by Congress to have the court decide the issues they presented, and to appeal to the Court of Appeals from the District Court's dismissal.

*Donovan,* 377 U.S. at 412–13, 84 S.Ct. at 1582–83 (quoting *Peck v. Jennes,* 7 How. 612, 625, 12 L.Ed 841) (footnotes omitted).

In *General Atomic Company v. Felter,* 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977), the Court clarified its holding in *Donovan* by indicating that state courts have power neither to enjoin the prosecution of federal actions once commenced, nor to enjoin the filing of federal actions not yet commenced.

The Court began its opinion in *General Atomic* quite simply:

> General Atomic Co. (GAC) challenges the validity of an injunction issued by a New Mexico state court restraining it from filing and prosecuting actions against United Nuclear Corp. (UNC) in federal court. We reverse because under *Donovan v. Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), it is not within the power of state courts to bar litigants from filing and prosecuting in personam actions in the federal courts.

*General Atomic,* 434 U.S. at 12, 98 S.Ct. at 76. When the Court turned to *Donovan* it concluded that *Donovan* was not ambiguous as to whether a state court could enjoin the commencement of a federal action as opposed to the prosecution of an action already commenced. The Court held that the New Mexico Supreme Court had clearly erred in assuming that it could. Quoting *Donovan,* the Court said:

> "[S]tate courts are completely without power to RESTRAIN FEDERAL–COURT PROCEEDINGS IN IN PERSONAM ACTIONS...." id., at 413, 84 S.Ct. at 1582. Our holding [in Donovan] was premised on the fact that the right to litigate in federal court is granted by Congress and, consequently, "cannot be taken away by the State." *Ibid.*

*General Atomic,* 434 U.S. at 16, 98 S.Ct. at 78. (emphasis in original). *See also, Moses H. Cone Memorial Hospital,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (holding that, under the circumstances, a district court abused its discretion by staying an action to compel arbitration under the Federal Arbitration Act pending the resolution of a state court suit).

In *Davis v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* No. 106383/94, N.Y.Sup.Ct. (July 27, 1994), Justice Solomon of the Supreme Court of the State of New York, in a case involving an account executive who went from Merrill Lynch to another firm, denied the executive's motion for an order compelling expedited arbitration and enjoining Merrill Lynch from initiating other litigation related to the dispute. Relying on *Donovan* and *General Atomic I,* Justice Solomon held

that "Despite the FAA's policy favoring arbitration, and the views of several of my colleagues, I find that this court cannot prevent Merrill Lynch from bringing a federal action in light of *General Atomic,* which holds that a state court may not interfere with an in personam federal action 'regardless of whether [such] federal litigation is pending or prospective.' 434 U.S. at 15 [98 S.Ct. at 77]." *Davis,* at 4.

■ The teaching of the Supreme Court is clear and unequivocal. State courts are simply without the power to enjoin the commencement of a federal court action, and that is the only issue the Court need decide on the merits of the plaintiff's complaint. Merrill Lynch has clearly established a substantial likelihood of success on the merits. The holdings in *Donovan* and *General Atomic I* and *II* make it clear that a state court is without power to enjoin the commencement of any federal action that may be commenced under the jurisdictional statutes, regardless of the type of claim brought, and therefore it is clear that Merrill Lynch may bring an action seeking status quo injunctive relief in any federal court that has jurisdiction to hear the claim. It is free to do so without interference by a state court.

In considering Merrill Lynch's likelihood of success on the merits, the Court has not addressed the likelihood that Merrill Lynch will ultimately prevail on a claim for status quo injunctive relief when it files one. Merrill Lynch's entitlement to such relief is not directly at issue in the merits of this action, because Merrill Lynch has only requested a declaration that it is entitled to file such a claim without interference from a state court, not a declaration requiring evaluation of its chance of success on that claim. Merrill Lynch plainly has a well established right to seek injunctive relief to preserve the status quo and protect its customers pending the arbitration. *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049 (2d Cir.1990). But Banks will have every opportunity to resist on the merits any such claim and this Court will ensure that he is provided adequate notice and an opportunity to avoid any *ex parte* efforts by Merrill Lynch. Claims—even for provisional relief—should be decided wherever possible on notice, with an opportunity for both sides to be heard, and not on the fortuities of *ex parte* applications where courts are not adequately informed of all the facts and the law.

After the filing of Merrill Lynch's motion for preliminary declaratory relief, Banks filed a cross-motion to dismiss the complaint for lack of subject matter jurisdiction, for failure to state a claim, and for failure to join a necessary party. Because Banks briefed these issues in his memorandum in opposition to the motion for preliminary declaratory relief, the Court has carefully considered all the issues raised in those motions to determine if they undercut the conclusion that Merrill Lynch has shown a substantial likelihood of prevailing on the merits. They do not. The review of these issues here is merely for the purpose of explaining why Banks' claims do not diminish Merrill Lynch's showing of a substantial likelihood of success on the merits. These issues will be explained at greater length when the motions are actually ruled upon after argument.

Banks argues that the Court lacks subject matter jurisdiction, because under the *Rooker–Feldman* doctrine, a district court lacks jurisdiction to review state court decisions. In *Rooker v. Fidelity Trust,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that a federal district court is without power to review the judgments of a state court or of the District of Columbia Court of Appeals, a state court analogue. In both cases, and in other cases relied on by Banks, review of such a judgment was directly sought by the plaintiff. In this case, review of a state court judgment is simply not sought, not only because the state court has not issued a judgment, but because Merrill Lynch does not seek review of the state court order, although it seeks to litigate the same issues considered by Justice Lobis when she issued her temporary restraining order. Indeed, Merrill Lynch brought the present action before any state court order was issued and correctly points out that Justice Lobis specifically modified her order to allow Merrill Lynch to proceed in this Court.

Banks further claims that the Court lacks subject matter jurisdiction, alleging that it possesses neither diversity jurisdiction nor federal question jurisdiction. As discussed above, this Court has both federal question and diversity jurisdiction. Banks argues that the Court does not possess federal question jurisdiction because, by analogy to removal cases, the federal question in this case is a defense—violation of the Supremacy Clause—and that the claim for declaratory relief is simply an effort to turn a federal defense into a federal claim which would not be allowed under the removal statute. *See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint ..."). But, there is a plain basis for federal question jurisdiction under the Supremacy Clause and the jurisdictional statutes for federal courts. *See, e.g., Illinois v. General Electric Co.,* 683 F.2d 206, 211 (7th Cir.1982), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). Moreover, it is evident that this case has not been "removed" to federal court, because the state court action is still proceeding and there is no basis for translating the removal cases into a challenge to a case which was brought in federal court, with an independent basis for federal jurisdiction, and not removed.

Banks alleges that Merrill Lynch has failed to state a claim upon which relief may be granted, because it has not stated any claim against Banks, but only a claim against the New York State Supreme Court. He also argues that the New York State Court is a necessary party. Both arguments are without merit. The New York State Supreme Court would not enjoin Merrill Lynch from prosecuting another action if Banks did not seek such relief. And courts have often issued injunctions which had the effect of staying a state court action without joining the state court as a party. *See, e.g., Bekhoff v. Clinton,* 344 F.Supp. 642, 645–46 (S.D.N.Y. 1972) (Frankel, J.); *Complaint of Cosmopolitan Shipping,* 453 F.Supp. 268 (S.D.N.Y.

1978) (Carter, J.). The same rule should apply to the even less intrusive remedy of a preliminary declaratory judgment.

Finally, Banks argues that various principles of comity argue against the issuance of declaratory relief here. However, principles of comity have not prevented the Supreme Court from declaring in clear terms in the context of injunctions issued to state courts that they lacked the power to enjoin *in personam* suits in federal court. *See, e.g., General Atomic Co. v. Felter,* 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977) (holding that a state court could not enjoin a person from filing or prosecuting an *in personam* action in a federal forum) ("*General Atomic I*"); *General Atomic Co. v. Felter,* 436 U.S. 493, 98 S.Ct. 1939, 56 L.Ed.2d 480 (1978) (holding that mandamus was a proper remedy if the state court in *General Atomic I* continued to interfere with attempts of a party to arbitrate in a federal forum) ("*General Atomic II*").

The issuance of this preliminary declaration reinforces rather than undercuts comity among federal and state courts. *See Amalgamated Sugar Co. v. NL Indus.,* 825 F.2d 634, 639 (2d Cir.1987) ("While the Anti–Injunction Act is designed to avoid disharmony between federal and state systems, the exception in § 2283 reflects congressional recognition that injunctions may sometimes be necessary in order to avoid that disharmony"), *cert. denied* 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987); *In re Pan American Corp.,* 950 F.2d 839, 847 (2d Cir.1991) (noting that, in the bankruptcy context, " 'the notion of comity' ... is 'not strained when a federal court cuts off state proceedings that entrench upon the federal domain' ") (citations omitted). The preliminary declaration is occasioned by Banks' efforts to obtain an injunction against Merrill Lynch from proceeding with its right to pursue claims in federal court. Indeed in this case it reinforces the judicious decision by Justice Lobis, after she had an opportunity to hear from counsel for Merrill Lynch, to specifically allow Merrill Lynch to continue with its application to this Court.

If issues of comity warrant a federal court's denial of preliminary injunctive relief to Merrill Lynch, all of these issues of comity, including whatever deference is owed to an earlier filed suit in state court, can be argued to any federal court with jurisdiction that hears Merrill Lynch's claim for an injunction in aid of arbitration. Merrill Lynch will also have the opportunity at that time to argue the applicability of *Moses H. Cone*, which held that the District Court in that case should not have deferred to the earlier filed state case.

In any event, the merits of that injunctive action, and the proper role of comity in that action are not the issue on this application for preliminary declaratory relief. The issue here is whether this Court should issue a preliminary declaration that Merrill Lynch has a right to pursue its claim for injunctive relief in aid of arbitration in federal court without being restrained by a state court. For all of the reasons explained above, the Court concludes that it should.

### B. *Irreparable Injury:*

Merrill Lynch has demonstrated that it will suffer irreparable injury if the temporary declaratory relief which it requests is not granted. If Merrill Lynch is barred from its right to avail itself of its opportunity to be heard in a federal district court, as declared in *Donovan*, it will suffer irreparable harm. Merrill Lynch would lose this valuable right and would face all of the consequences of its inability to pursue its claim for preliminary status quo relief pending arbitration, which numerous courts, including the Court of Appeals for the Second Circuit, have acknowledged as a viable basis for relief. *See generally, Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 910 F.2d 1049 (2d Cir.1990). Merrill Lynch alleges that it will inevitably lose customers and client information and that the losses would be incalculable and irreparable. Those same arguments have prevailed in the numerous courts which have afforded status quo injunctive relief in aid of arbitration. Unless Merrill Lynch has the opportunity to prosecute that claim, the extent of the harm that it will suffer will not be able to be calculated or remedied.

Moreover, it is also clear that Merrill Lynch risks state contempt sanctions if it seeks to assert its alleged right to status quo relief and Justice Lobis continues her order. In *Universal Marine Insurance Co., Ltd. v. Beacon Insurance Co.*, 592 F.Supp. 945 (W.D.N.C.1984), a Tennessee court issued orders enjoining the parties from engaging in an arbitration that had been ordered by the federal court. The district court found, under *Donovan*, that the Tennessee court impermissibly entrenched upon the district court's jurisdiction. The court found irreparable injury and enjoined the parties who had prosecuted the state court action from seeking contempt sanctions in the state court for violation of the state court order. The district court found the irreparable harm necessary for issuance of the injunction in the facts that the state court's orders were invalid, had a chilling effect on the exercise of litigation rights, posed an unwarranted threat of contempt, and delayed the harmed party's right to a speedy and just resolution of their claim. All of these conditions exist in this case.

### C. *Balance of the Equities:*

As described above, Merrill Lynch has shown both that it has a substantial claim to assert in federal court and that it will be subject to state contempt sanctions if it attempts to assert it and incalculable and irreparable harms if it is not able to assert it. On the other side of the balance, the only harm that Banks faces is having to litigate with Merrill Lynch in a forum in which, pursuant to this Court's order, he will have notice and opportunity to present all of his arguments. The balance of equities tips decidedly in Merrill Lynch's favor.

### V. CONCLUSION

For all of the foregoing reasons, this Court will grant Merrill Lynch's request for preliminary declaratory relief.