**PYRAMID TRAVEL, INC., a California corporation, et al., Plaintiffs-counter-defendants—Appellants,**

v.

**SRI LANKAN TRAVEL, INC., a New York corporation, et al., Defendants—Appellees,**

**Srilankan Airlines Limited, a foreign business entity of unknown form, Defendant-counter-claimant—Appellee.**

Pyramid Travel, Inc., a California corporation, et al., Plaintiffs-counter-defendants—Appellants,

v.

Sri Lankan Travel, Inc., a New York corporation, et al., Defendants—Appellees,

Srilankan Airlines Limited, a foreign business entity of unknown form, Defendant-counter-claimant—Appellee.

Pyramid Travel, Inc., a California corporation, et al., Plaintiffs-counter-defendants—Appellees,

v.

Sri Lankan Travel, Inc., a New York corporation, et al., Defendants—Appellants,

Srilankan Airlines Limited, a foreign business entity of unknown form, Defendant-counter-claimant—Appellant.

Nos. 01–56014, 01–56333 and 01–56334.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided April 25, 2003.

Before: B. FLETCHER, ALARCÓN, and HAWKINS, Circuit Judges.

## MEMORANDUM *

■ Pyramid Travel, Inc. ("Pyramid") argues that the district court erred by reading the arbitration clause in the parties' agreement expansively, resulting in a determination that the libel claims be arbitrated. The clause at issue is at least as expansive as phrases such as "arising out of or relating to" or "all disputes arising in connection with this Agreement," which are liberally interpreted. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir.1999). The district court correctly found that the libel action "touch[ed] matter" contained in the agreement and was, therefore, subject to the agreement to arbitrate. *See id.* at 721.

The district court also correctly held that individual plaintiffs Mokshinder Singh ("Singh") and Rajinder Mahal ("Mahal") were subject to the arbitration agreement because of the nature of their claim, which stated that Singh and Mahal were the persona or public face of Pyramid.

■ SriLankan Airlines Limited ("SriLankan Airlines") did not waive the right to arbitrate. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir.1989); *Lake Communications, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984). SriLankan Airlines listed as its tenth affirmative defense that Pyramid's claims were subject to arbitration. This put Pyramid on notice that SriLankan Airlines would attempt to have the claims referred to arbitration. Pyramid has also failed to show prejudice. *See Lake Communications*, 738 F.2d at 1477; *ATSA of California, Inc. v. Cont'l Ins. Co.*, 702 F.2d 172, 175 (9th Cir.1983). Only 76 days elapsed from the inception of this suit to the filing of the motion to compel arbitration and only 42 days elapsed from the time SriLankan Airlines filed the counterclaim to the time it filed the motion to compel. This delay is not sufficiently prejudicial to support Pyramid's waiver argument.

The forum-selection clause in the agreement to arbitrate should be honored. The Supreme Court has determined that an agreement to arbitrate before a specified tribunal, such as in this case, is equivalent to a forum-selection clause. *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). We have declared that because arbitration forum-selection clauses in international agreements "offer stability and predictability regardless of the vagaries of local law," *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir.1991), they should be given great deference. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). The civil war in Sri Lanka was on-going when plaintiffs signed the agreement. Furthermore, they have availed themselves of the Sri Lankan courts since the 9–11 terrorist attacks.

■ "Libel is a false and unprivileged publication ... which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." CAL. CIV.CODE § 45. Truth of the statement, however, is an absolute defense. *Smith v. Maldonado*, 72 Cal.App.4th 637, 85 Cal.Rptr.2d 397, 404. Although we have doubts regarding the Defendants/Appellees motives, it is not disputed that: (1) Pyramid, effective April 1, 2000, was no longer the General Service Agent ("GSA") for SriLankan Airlines; (2) Pyramid retained possession of ticket stock that pursuant to the GSA agreement

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

should have been returned to SriLankan Airlines; (3) if Pyramid issued any tickets on this ticket stock the tickets would be invalid; and (4) the ticket stock numbers listed were the same as those in the possession of Pyramid. The district court correctly granted summary judgment to Sri Lankan Travel, Inc. because the published statement was true. *See id.*

■ Pyramid argues that the district court erred by relying on *Newcombe v. Adolf Coors Co.,* 157 F.3d 686 (9th Cir. 1998), to grant summary judgment on the negligent publication claim. In *Newcombe,* the plaintiff claimed negligent "creation." *Id.* at 695. We found, however, that negligent creation could not form the basis of a cognizable claim because the creation of the article alone caused no damage to the plaintiff. *Id.* Instead, we characterized plaintiff's claim as a negligent publication claim. *Id.* A negligent publication claim, such as asserted by Pyramid, is, however, "substantively equivalent to a libel claim based on the same publication." *Id.* at 694. Therefore, Pyramid makes only one cognizable claim. The negligent publication claim is subsumed by the libel analysis.

The district court has authority to impose sanctions pursuant to both 28 U.S.C. § 1927 and its inherent power. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The district court did not abuse its discretion by refusing to impose sanctions. *See West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1526 (9th Cir.1990).

AFFIRMED.