**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2012

Lyle W. Cayce
Clerk

No. 12-50332

In re: TIME WARNER CABLE, INCORPORATED; TEXAS CABLE
ASSOCIATION,

Petitioners

Petition for Writ of Mandamus
to the United States District Court
for the Western District of Texas

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.[*]

PER CURIAM:[**]

This lawsuit began nearly seven years ago.[1] In January of this year, we held under well-settled precedent that the provisions excluding only certain incumbents from a statewide franchise violated the First Amendment. *Time Warner Cable Inc. v. Hudson*, 667 F.3d 630, 642 (5th Cir. 2012). Furthermore,

---

[*] Thomas M. Reavley, Circuit Judge, concurs in the judgment only.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court initially dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for lack of standing and ripeness, but this court reversed and remanded. *Tex. Cable & Telecomms. Ass'n v. Hudson*, 265 F. App'x 210, 219 (5th Cir. 2008). The parties filed competing motions for summary judgment on remand. After the motions were fully briefed, however, the district court took no action for two years despite repeated requests for action. The district court ultimately denied the plaintiffs' motion and granted the defendants' motion for summary judgment, but this court again reversed and remanded. *Time Warner Cable Inc. v. Hudson*, 667 F.3d 630, 642 (5th Cir. 2012).

we urged the district court to handle the remand "expeditiously," given the plaintiffs' long wait to validate time-sensitive rights. *Id.* On remand, the plaintiffs moved for an order enjoining the defendants from enforcing the unconstitutional exclusion. After more than thirty days with no response from the district court, the plaintiffs applied for a statewide franchise, but the Public Utility Commission (PUC) denied the franchise because of the district court's failure to act.[2] Finally, over one hundred days after our judgment, the district court denied the plaintiffs' motion and entered a stay of the proceedings pending the resolution of the defendants' petition for certiorari before the Supreme Court.

We have serious concerns that the district court's continued delay deviates from our mandate. *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) ("[A] lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.").[3] Moreover, "[i]t is well established that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2012) (quoting *Briggs v. Penn. R.R. Co.*, 334 U.S. 304, 306 (1948)). We are also mindful that Congress has only authorized the court of appeals or a Justice of the Supreme Court to stay the execution or enforcement of the court of

---

[2] The defendants opposed the plaintiffs' application because the district court had not yet acted on remand. The PUC denied Time Warner's application. Although it acknowledged that this court held the exclusions unconstitutional, the agency wrote that "the Fifth Circuit and the district court have yet to enjoin or otherwise alter the operation" of the exclusion, and it therefore "remains unchanged for now." It is unfortunate that the PUC has taken the position that it will not change an operation deemed unconstitutional.

[3] Our review of the defendants' arguments to the district court indicate that they seek to relitigate issues that this court has already decided, such as whether the amended statute's exclusion of only certain incumbents violates the First Amendment. "A litigant who . . . has obtained judgment in this Court after a lengthy process of litigation, involving several layers of courts, should not be required to go through that entire process again to obtain execution of the judgment of this Court." *Gen. Atomic Co. v. Felter*, 436 U.S. 493, 497 (1976). Here, the mandate requires no additional fact finding. The unconstitutional portions of the statute may not be used to exclude only certain incumbents from a statewide franchise.

No. 12-50332

appeals' judgment pending a petition for certiorari. 28 U.S.C. § 2101(f); *Byrne v. Roemer*, 847 F.2d 1130, 1134 (5th Cir. 1988).

Nevertheless, mandamus is an extraordinary remedy available only when, *inter alia*, there is no other adequate means to attain relief. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc). Therefore, we decline to issue the writ of mandamus here where the district court's denial of the requested injunction is immediately appealable, and plaintiffs may file an expedited appeal pursuant to 28 U.S.C. § 1292(a)(1) and Rule 2 of the Federal Rules of Appellate Procedure. *In re Morton*, 2012 WL 470177 (5th Cir. 2012) (unpublished).

Any further appeal or interim motions will be heard by this panel. *See League of United Latin Am. Citizens*, 847 F.3d at 440; *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 572 (5th Cir. 2012).

It is ORDERED that the petition for writ of mandamus is DENIED.