In the Matter of the Arbitration between
ZURICH INSURANCE COMPANY,
U.S. Branch, Petitioner,

v.

ENNIA GENERAL INSURANCE COMPANY, a/k/a Ennia Schadeverzekering N.V., U.S. Branch, Respondent.

No. 94 Civ. 6259 (LAK).

United States District Court,
S.D. New York.

May 3, 1995.

---

6. N.Y.Executive Law § 297(d)(9) (McKinney 1982); *Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015 (S.D.N.Y.1984).

Clifford H. Schoenberg, Brian J. O'Sullivan, Rosenman & Colin, for petitioner.

Alan Mansfield, Greenberg, Taurig, Hoffman, Lipoff, Rosen & Quentel, Howard W. Green, Howard Green & Associates, Alan T. Diamond, Greenberg Traurig, for respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Petitioner Zurich Insurance Company, U.S. Branch ("Zurich"), is the United States branch of Zurich Insurance Company, a Swiss corporation with its principal place of business in Switzerland. Zurich is licensed as an alien insurer under New York law. Respondent Ennia General Insurance Company ("Ennia") was the United States Branch of Ennia Schadeverzekering, N.V., a wholly owned subsidiary of the Dutch corporation Ennia N.V. In 1983, Ennia N.V. merged with AGO Holding N.V. to form the Aegon group, a company organized under the laws of the Netherlands and having its principal place of business in the Netherlands.

The dispute at issue here arose in the 1980s between Zurich and Ennia in connection with business produced by Commercial Marine Underwriters ("CMU"), the managing agent for both. Zurich and Ennia then agreed that the matter would be resolved by arbitration in New York City, but that the parties would await the outcome of other litigation before proceeding. That litigation was not concluded until 1991, whereupon the parties first had unsuccessful settlement discussions and then tried to agree upon the procedural details of the anticipated arbitration. Those discussions reached an impasse, so far as is relevant here, over Ennia's insistence that Zurich agree that the arbitrators would apply Florida laws.

On August 28, 1994, Zurich demanded that Ennia proceed to arbitration. Zurich now petitions this Court to compel arbitration pursuant to the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 1 *et seq.* (1970 & West Supp.1995). Ennia acknowledges that there is a binding agreement to arbitrate, but asks that the Court direct the arbitrators to decide the dispute according to Florida law.[1]

### Subject Matter Jurisdiction

■ As the Arbitration Act does not constitute an independent grant of jurisdiction to the federal courts, a party seeking to compel arbitration in a federal court must establish an independent basis for subject matter jurisdiction. *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982); *Dorn v. Dorn's Transportation, Inc.*, 562 F.Supp. 822, 824 (S.D.N.Y.1983).

■ The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and its implementing legislation, 9 U.S.C. § 201 *et seq.* (West Supp.1995), is the source of subject matter jurisdiction in this case.[2] Article II of the Convention obligates contracting states and their courts to recognize and enforce written arbitration agreements. Switzerland, the Netherlands, and the United States all are signatories to the Convention. Section 203 of the Arbitration Act grants subject matter jurisdiction to the district courts in actions or proceedings falling under the Convention. Section 202 makes it clear that this agreement falls under the Convention. Section 206 specifically grants the district courts the power to compel arbitration:

> "A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for ..." 9 U.S.C. § 206.

*Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir.1993). We note, however, that the Fifth Circuit has held that such a reinsurance policy is properly within the admiralty jurisdiction. *See Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 825 n. 4 (5th Cir.1986).

---

1. Since the petition to compel arbitration was filed, the other disputed issues relevant to the petition have been resolved by the parties.

2. The question of whether the marine reinsurance policy underlying this case is a maritime contract within federal admiralty jurisdiction is an open question in the Second Circuit. *Mentor*

### The Terms of the Arbitration

■ In deciding a motion to compel arbitration, the only issues before the Court are whether there is an agreement to arbitrate and, if so, whether the dispute is within the scope of the agreement. *Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 45 (2d Cir. 1993). Here, neither issue is disputed. The only question is whether I have the power to compel the arbitrators to apply Florida law and, if so, whether I should exercise that power.

Ennia argues that I should require application of Florida law both on the theory that Ennia is entitled to invoke the choice of law clause in the Zurich/CMU Management Agreement and on the basis of New York choice of law principles.

■ Ennia's argument is misguided. "[W]hen parties agree to submit disputes to arbitration, it is presumed that the arbitrator is authorized to determine all issues of law and fact necessary to resolve the dispute." *ATSA of Calif., Inc. v. Continental Ins. Co.,* 702 F.2d 172, 175 (9th Cir.1983), *amended,* 754 F.2d 1394 (9th Cir.1985). Accordingly, the issue of the law to be applied in the arbitration proceeding—including the question whether the choice of law clause in the Management Agreement applies—is for the arbitration panel.

I therefore hold that there is no basis for me even to consider the choice of law issue. As the parties acknowledge that there is a binding agreement to arbitrate and that the underlying dispute falls within its scope, the dispute is arbitrable.

### Conclusion

The Court hereby orders respondent Ennia to proceed expeditiously to arbitration.

SO ORDERED.