**In re EVERGREEN MUTUAL FUNDS FEE LITIGATION.**

No. 04 Civ. 4453 RWS.

United States District Court,
S.D. New York.

Feb. 5, 2007.

Milberg Weiss Bershad & Schulman LLP, New York City, By Jerome M. Congress, Janine L. Pollack, Kim E. Miller, Michael R. Reese, for Plaintiffs.

Wolf Popper LLP, New York City, By Marian P. Rosner, Michael A. Schwartz, James A. Harrod, for Plaintiffs.

Morgan, Lewis & Bockius LLP, New York City, By Christopher P. Hall, Todd D. Brody, Cali Mazzarella, Matthew D. Stratton, for Defendants.

## OPINION

SWEET, District Judge.

Plaintiffs, a putative class including Blanchard D. Smith, William Smith, Sergio Grobler, Gene F. Osburn, and Linda M. Allison (the "Plaintiffs"), and other holders of Evergreen Mutual Funds during the period of June 14, 1999 through November 17, 2003 (the "Class Period") have moved to amend or alternatively set aside the Court's March 27, 2006 Order and the judgment entered in this action on March 28, 2006, dismissing the Complaint in its entirety. Plaintiffs have also moved for an order granting Plaintiffs leave to file a Second Amended Derivative Complaint. For the reasons set forth below, the motion is denied.

### Prior Proceedings

Plaintiffs filed their initial complaint on June 14, 2004, and an amended consolidated complaint (the "Complaint") on November 29, 2004. Pursuant to Rule 12(b), Fed.R.Civ. P., Defendants moved to dismiss the Complaint on February 15, 2005. That motion was heard and marked fully submitted on May 17, 2005. In an opinion and order dated March 24, 2006, and entered on March 27, 2006 (the "March 2006 Order"), this Court granted Defendants' motion and the Complaint was dismissed in its entirety. *In re Evergreen Mut. Funds Fee Litig.*, 423 F.Supp.2d 249 (S.D.N.Y.2006). A judgment to this effect was filed on March 28, 2006.

On April 11, 2006, pursuant to Local Civil Rule 6.3 and Rules 59(e), 60(b), and 15(a) of the Federal Rules of Civil Procedure, Plaintiffs filed this motion to: (1) amend or alternatively set aside the Court's March 2006 Order and the judgment entered in this action on March 28, 2006, which granted Defendants' motion to dismiss the Complaint in its entirety; and (2) grant Plaintiffs leave to file a second amended derivative complaint.

This motion was heard and marked fully submitted on September 27, 2006.

*Dismissal of Plaintiffs' Claim for Violations of Section 36(b) of the Investment Company Act*

In the Complaint, Plaintiffs had alleged violations of Section 36(b) of the Investment Company Act (the "ICA"). Specifically, in Count Three of the Complaint, Plaintiffs had alleged that Defendants violated Section 36(b)'s proscription against the payment of excessive fees by charging Rule 12b–1 fees, soft dollar payments, and directed brokerage commissions, which allegedly benefited Defendants rather than the holders of the Funds. Defendants moved to dismiss this claim, in part, on the grounds that Plaintiffs' allegations were outside the scope of Section 36(b) and that Plaintiffs had failed to allege excessive fees.

The March 2006 Order applied the standard for an excessive fee claim under Section 36(b) as articulated by the Second Circuit in *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir.1982):

"... whether the fee schedule represents a charge within the range of what would have been negotiated at arm's-length in the light of all of the surrounding circumstances." In order to demonstrate that Section 36(b) has been violated, a plaintiff must show that "the adviser-manager charge[d] a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered."

*In re Evergreen*, 423 F.Supp.2d at 257–58 (citing *Gartenberg*, 694 F.2d at 928; *Strougo v. BEA Assocs.*, No. 98 Civ. 3725(RWS), 1999 WL 147737, at *7–8 (S.D.N.Y. Mar. 18, 1999)) (internal citations omitted). It also acknowledged the six *Gartenberg* factors to be weighed in determining whether fees charged by an investment adviser were disproportionate to the services rendered, including: "(a) the nature and quality of services provided to fund shareholders; (b) the profitability of the fund to the adviser-manager; (c) fall-out benefits; (d) economies of scale; (e) comparative fee structures; and (f) the independence and conscientiousness of the trustees." *In re Evergreen*, 423

F.Supp.2d at 258 (citing *Krinsk v. Fund Asset Mgmt., Inc.*, 875 F.2d 404, 409 (2d Cir.1989) (citing *Gartenberg*, 694 F.2d at 929–30); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F.Supp.2d 222, 237 (S.D.N.Y.2005) (quoting *Gartenberg*, 694 F.2d at 929–30)).

Comparing the facts of this case to those asserted in *In re Goldman Sachs Mutual Funds Fee Litigation*, No. 04 Civ. 2567(NRB), 2006 WL 126772 (S.D.N.Y. Jan. 17, 2006), and *In re Eaton Vance*, 380 F.Supp.2d 222, it was concluded that just as in those cases, Plaintiffs here · had alleged that the fees at issue were used *improperly* and not that the fees themselves were *excessive. See In re Evergreen*, 423 F.Supp.2d at 258–59. Accordingly, it was determined that Plaintiffs had not sufficiently alleged excessive investment advisory fees under Section 36(b) and the cause of action was dismissed. *Id.*

### Discussion

1. ***Plaintiffs Have Failed to Meet the Standard for Granting a Motion to Reconsider Under Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e)***

 a. ***Applicable Standard***

■ Motions to alter or amend judgments under Rule 59(e), Fed.R.Civ.P.,[1] and for reconsideration under Local Civil Rule 6.3 [2] are evaluated under the same standard. *See Word v. Croce*, No. 01 Civ. 9614(LTS), 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004); *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 83 (S.D.N.Y.2003); *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). To receive reconsideration, " 'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.' " *Word*,

2004 WL 434038, at *2 (quoting *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003)); *see also Williams*, 219 F.R.D. at 83.

■ Rule 59(e) of the Federal Rules of Civil Procedure should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *Williams*, 219 F.R.D. at 83, and "to prevent the rule from being used as a substitute for appealing a final judgment." *USA Certified Merchants, LLC v. Koebel*, 273 F.Supp.2d 501, 503 (S.D.N.Y.2003). Furthermore, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " *Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000)).

 b. ***The Court Did Not Overlook Controlling Law or Factual Matters Warranting a Different Outcome***

■ In support of their motion for reconsideration, Plaintiffs assert their allegations that the Evergreen Fund advisory fees were excessive, and not merely wrongful, were overlooked in the March 2006 Order. Specifically, Plaintiffs argue that the March 2006 Order overlooked Plaintiffs' allegations that: (1) the economies of scale created by the increase in Fund investors and assets were not passed on to investors (Pl.'s Mem. in Supp. 4); and (2) the advisory fees were inflated to "cover the challenged payments to brokers" (Pl.'s Mem. in Supp. 4–5). Both of these arguments are unavailing.

First, in outlining the Plaintiffs' allegations in the March 2006 Order, it was noted that Plaintiffs had alleged a claim based on economies of scale: "Defendants allegedly failed to pass on to the shareholders any economies of

---

1. "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Rule 59(e), Fed.R.Civ.P.

2. "A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original

motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3.

scale generated by increasing assets in the Funds." *In re Evergreen*, 423 F.Supp.2d at 254. In addition, the Plaintiffs' allegation-by-example that "the Defendants' compensation increased as the assets of the Funds under its management increased as it was based upon a percentage of assets under management" was also acknowledged. *Id.*

Second, for purposes of Rule 59(e), Fed. R.Civ.P., and Local Civil Rule 6.3, controlling authority is comprised of decisions from the Second Circuit Court of Appeals. *See Info. Superhighway, Inc. v. Talk Am., Inc.*, No. 03 Civ.1995(RWS), 2003 WL 22705132, at *1 (S.D.N.Y. Nov. 17, 2003) (citing *Ades v. Deloitte & Touche*, 843 F.Supp. 888, 892 (S.D.N.Y.1994)). In support of their motion, however, Plaintiffs have cited only to district court cases, none of which are within the Second Circuit. (Pl.'s Mem. in Supp. 3–4 (citing *Forsythe v. Sun Life Fin., Inc.*, 417 F.Supp.2d 100 (D.Mass.2006); *In re Dreyfus Mut. Funds Fee Litig.*, 428 F.Supp.2d 342 (W.D.Pa.2005); *Jones v. Harris Assoc., L.P.*, No. 04 C 8305, 2005 WL 831301 (N.D.Ill. Apr. 7, 2005); *Wicks v. Putnam Inv. Mgmt., LLP*, No. Civ. A. 04–10988–GAO, 2005 WL 705360 (D.Mass. Mar. 28, 2005); *Strigliabotti v. Franklin Res., Inc.*, No. C 04–00883 SI, 2005 WL 645529 (N.D.Cal. Mar. 7, 2005)).) Therefore, no controlling authority warranting a different result was overlooked.

Furthermore, with respect to the Plaintiffs' Section 36(b) claim, the March 2006 Order was based in large part on the Honorable Naomi Reice Buchwald's decision in *In re Goldman Sachs Mutual Funds Fee Litigation*, 2006 WL 126772. *See In re Evergreen*, 423 F.Supp.2d at 259. In that case, which involved allegations virtually identical to those asserted here, Judge Buchwald determined that "[m]ere assertions that fees increased with the size of the Funds are not enough to establish that the benefits from economies of scale were not passed on to investors." *In re Goldman Sachs*, 2006 WL 126772, at *9 (citing *Kalish v. Franklin Advisers, Inc.*, 742 F.Supp. 1222, 1238 (S.D.N.Y. 1990)). In addition, Judge Buchwald reasoned that the determination regarding the economies of scale argument in *In re Goldman Sachs* was consistent with the holding

in *Wicks v. Putnam Inv. Mgmt., LLC*, 2005 WL 705360, one of the cases cited by Plaintiffs in support of the instant motion as warranting a different outcome. *See In re Goldman Sachs*, 2006 WL 126772, at *9 n. 24 (explaining that the *Wicks* court specifically noted Plaintiffs' assertion that quality of services had not increased with the fees charged). Therefore, while the March 2006 Order may not have explicitly addressed the economies of scale argument, it certainly did not overlook controlling authority warranting a different outcome and in fact comported its reasoning with that of other courts in this District.

Next, Plaintiffs have failed to meet their burden under Local Civil Rule 6.3 and Rule 59(e), Fed.R.Civ.P., with respect to their inflated fees argument. First, as Plaintiffs recognize, the Court did acknowledge the inflated fees allegation in its March 2006 Order: "Plaintiffs contend that their Section 36(b) claim can be supported with allegations that Defendants ... charged management fees that were wrongfully inflated to cover other improper revenue sharing payments that were ostensibly made from the assets of the Investment Adviser and Distributor Defendants." *In re Evergreen*, 423 F.Supp.2d at 258.

Additionally, while Plaintiffs did assert in the Complaint that the "revenue sharing arrangements discussed above resulted in improperly inflated fees charged to investors with no resulting benefit to investors" (Compl. ¶ 74), they failed to sufficiently establish that the fees bore "no reasonable relationship to the services rendered." *Gartenberg*, 694 F.2d at 928. As the Honorable John G. Koetl stated in *In re Eaton Vance*:

Because the allegations in the SAC contain no specific facts that would provide a factual basis for an allegation that the fees were "so disproportionately large" that the[y] bore "no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining," the plaintiffs have failed to state a claim under 36(b).

380 F.Supp.2d at 237 (citing *Gartenberg*, 694 F.2d at 928; *Yampolsky v. Morgan Stanley Inv. Advisers, Inc.*, No. 03 Civ. 5710(RO), 03

Civ. 5896(RO), 2004 WL 1065533, at *2 (S.D.N.Y. May 12, 2004); *ING Principal Protec. Funds Derivative Litig.,* 369 F.Supp.2d 163, 167–69 (D.Mass.2005); *In re Nuveen Fund Litig.,* No. 94 C 360, 1996 WL 328006, at *14–15 (N.D.Ill. June 11, 1996)). Therefore, there was no factual matter overlooked that would warrant a different outcome.

Second, Plaintiffs have again failed to cite to controlling authority (*i.e.,* any Second Circuit opinion) in support of their inflated fees argument that was overlooked in formulating the March 2006 Order. (*See* Pl.'s Mem. in Supp. 5 (citing *Forsythe,* 417 F.Supp.2d 100).) As with Plaintiffs' economies of scale argument, the decision to dismiss the Section 36(b) claim was based on the holdings of other courts within this District in cases involving a virtually identical allegation of inflated fees. *See In re Evergreen,* 423 F.Supp.2d at 258–59 (citing *In re Eaton Vance,* 380 F.Supp.2d at 237–38; *In re Goldman Sachs,* 2006 WL 126772, at *10).

Accordingly, since Plaintiffs have not established that controlling law or factual matters in support of either Plaintiffs' economies of scale or inflated fees argument were overlooked, the motion to reconsider the March 2006 Order pursuant to Rule 59(e), Fed. R.Civ.P., and Local Civil Rule 6.3 is denied.

### 2. *Plaintiffs Have Failed to Adequately Support Consideration of the Motion Pursuant to Rule 60(b)(6)*

■ Plaintiffs have argued, in the alternative, that this Court should set aside its judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. In general, "[a] motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo,* 203 F.Supp.2d 312, 333 (S.D.N.Y.2002) (citing *Mendell in Behalf of Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990)). Nonetheless, the Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986); *see also Employers Mut. Cas. Co. v. Key Pharm.,* 75 F.3d 815, 824–25 (2d Cir.1996) (*per curiam*) ("A movant under

Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested.").

With respect to Rule 60(b)(6) in particular, the Second Circuit has stated:

> Rule 60(b)(6) is properly invoked when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the grounds for relief are not recognized in clauses (1)—(5) of the Rule.... Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material.

*D'Angelo v. State Farm Fire & Cas. Co.,* 32 Fed. App'x 604, 605 (2d Cir.2002) (citing *Nemaizer,* 793 F.2d at 63; *United States v. Cirami,* 563 F.2d 26, 33 (2d Cir.1977)).

In support of considering this motion pursuant to Rule 60(b)(6), Fed.R.Civ.P., Plaintiffs have simply asserted that "extraordinary circumstances exist here, based upon the highly convincing evidence in support of Plaintiffs' motion, Plaintiffs' good cause for not amending the Complaint sooner, the undue hardship Plaintiffs would otherwise suffer, and the absence of hardship to Defendants." (Pl.'s Reply Mem. 4 (citing *Briller v. Barnhart,* No. 04 Civ. 3649(RWS), 2006 WL 118367, at *3 (S.D.N.Y. Jan. 16, 2006)).) Such blanket assertions of extraordinary circumstances and undue hardship are insufficient to support consideration under this rule. Therefore, the alternative motion to set aside the judgment pursuant to Rule 60(b)(6), Fed.R.Civ.P., is also denied.

### 3. *Plaintiffs Motion for Leave to Amend the Complaint Cannot Be Granted*

Plaintiffs ultimately seek leave to file a second amended derivative complaint pursuant to Rule 15(a), Fed.R.Civ.P. Although Rule 15(a) states that leave to amend a complaint "shall be freely given when justice so requires," it is within the sound discretion of the court whether to grant leave to amend. Rule 15(a), Fed.R.Civ.P.; *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir.1994).

■ Additionally, as is the case here, once judgment has been entered, "the filing of an

amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *Nat'l Petrochemical Co. v. The M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir.1991) (quoting *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir.1985); citing *Mitsubishi Aircraft Int'l v. Brady,* 780 F.2d 1199, 1203 (5th Cir.1986)). Furthermore, "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir.1990).

Plaintiffs have moved to amend the Complaint in order to address deficiencies in the pleadings. (*See* Pl.'s Mem. in Supp. 12–17.) Having done so for the first time only *after* a final judgment was entered in this case,[3] Plaintiffs now assert that the intersection of Rules 59(e) and 60(b) with Rule 15(a), Fed. R.Civ.P., may allow the Court to take the proposed second amended derivative complaint (the "proposed SADC") into account when deciding whether to grant their motion to set aside or amend the judgment. (Pl.'s Mem. in Supp. 2–3.) With regard to this intersection between Rules 59(e) and 60(b) and Rule 15(a), Fed.R.Civ.P., the Second Circuit has stated:

> Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint. Of course, in view of the provision in rule 15(a) that "leave [to amend] shall be freely given when justice so requires," it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment.

*Nat'l Petrochemical Co.,* 930 F.2d at 245 (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

While the Second Circuit did not elaborate in *National Petrochemical Company* as to what would constitute such a "proper case" for taking a proposed amendment into account, the Circuit has expressed its disapproval for granting Rule 60(b) relief in circumstances directly relevant to granting leave to amend pursuant to Rule 15(a):

> An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief, *Nemaizer,* 793 F.2d at 62, ... nor does the failure to marshall all known facts in opposition to a summary judgment motion, *Patel v. Lutheran Medical Ctr.,* 775 F.Supp. 592, 598 (E.D.N.Y.1991).

*Paddington Partners v. Bouchard,* 34 F.3d 1132, 1147 (2d Cir.1994); *accord Am. Tissue, Inc. v. Arthur Andersen L.L.P.,* No. 02 Civ. 7751(SAS), 2005 WL 712201, at *2 & *3 (S.D.N.Y. Mar.28, 2005) (quoting *Mills v. State of New York,* No. 98 Civ. 1326, 2004 WL 433788, at *1–2 (S.D.N.Y. Mar. 10, 2004); *Romania v. Wildenstein & Co.,* 147 F.R.D. 62, 65 (S.D.N.Y.1993)).

Accordingly, Plaintiffs' proposed SADC does not provide adequate grounds for granting Plaintiffs' motion. Balancing the "liberal amendment policy of Rule 15(a)" and the "philosophy favoring finality of judgments and the expeditious termination of litigation," *Nat'l Petrochemical Co.,* 930 F.2d at 245 (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1489, at 694 (1990)), Plaintiffs' motion is denied in its entirety.

### 4. *Plaintiffs' Proposed Second Amended Derivative Complaint Would Be Futile*

 There is little reason to believe Plaintiffs' proposed SADC would alter the judgment dismissing the Complaint. While Federal Rule of Civil Procedure 15(a) affords district courts the authority to grant leave to amend "when justice so requires," a court is free to " 'deny leave to amend when it determines that amendment would be futile.' " *Krepps v. Reiner,* No. 05 Civ. 0107(RWS), 2006 WL 1062135, at *1 (S.D.N.Y. Apr. 20, 2006) (quoting *McCullagh v. Merrill Lynch & Co.,* No. 01 Civ. 7322(DAB), 2004 WL 744484, at *2 (S.D.N.Y. Apr. 7, 2004)); *accord Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "A pro-

---

**3.** Plaintiffs filed an amended consolidated complaint after several cases in this action were consolidated pursuant to the Court's order filed on August 20, 2004.

posed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir.2003) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991)), *cert. granted*, 542 U.S. 936, 124 S.Ct. 2904, 159 L.Ed.2d 811 (2004); *see also A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F.Supp.2d 281, 298 (S.D.N.Y.2000) (explaining that if the proposed amendment "would be subject to 'immediate dismissal' for failure to state a claim or on some other ground, the Court will not permit the amendment").

In *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338 (2d Cir.2006), the Second Circuit recently reexamined the pleading requirements for a claim under Section 36(b). In affirming the district court's dismissal of the plaintiffs' Section 36(b) claims pursuant to Rule 12(b)(6), Fed. R.Civ.P., the Second Circuit reviewed the pleading requirements for each of the six *Gartenberg* factors. Applying the *Amron* pleading requirements to the *Evergreen* Plaintiffs' proposed SADC shows that it would not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and therefore would be futile.

### a. Nature and Quality of the Services Provided

In support of the first *Gartenberg* factor of nature and quality of services provided, the *Evergreen* Plaintiffs in their proposed SADC allege that "performance of these Funds was not up to par with other similar funds in the industry" (Proposed SADC ¶ 45), and that returns were "highly correlated" with indexes such as the S & P 500, thereby indicating "a level of performance that is consistent with the passive management typical of an index fund" (*Id.* ¶ 46). In *Amron*, however, the Second Circuit indicated that such allegations are insufficient as a showing of the first *Gartenberg* factor. *Amron*, 464 F.3d at 344 (quoting *Migdal v. Rowe Price–Fleming Int'l*, 248 F.3d 321, 327 (4th Cir.2001)).

Since all that Plaintiffs offer in addition are broad statements by industry analysts and commentators, their allegations are insufficient to plead a Section 36(b) claim as to the first *Gartenberg* factor.

### b. Fall–Out Benefits

Although the *Amron* plaintiffs made no allegations as to the second and third *Gartenberg* factors of profitability and fall-out benefits,[4] the Second Circuit indicated that with respect to these factors, "[f]or obvious reasons, in establishing that fees are disproportionate to the services provided it is essential to allege the total amount of fees, which Plaintiffs fail to do." *Amron*, 464 F.3d at 344. The *Evergreen* Plaintiffs fail to do so as well in their proposed SADC, thereby rendering it deficient in its pleading of a claim under Section 36(b).

### c. Economies of Scale

With respect to the fourth *Gartenberg* factor of economies of scale, the *Amron* court found allegations lacking where they pointed to the size of the fees but made "no allegations regarding the costs of performing fund transactions or the relationship between such costs and the number of transactions performed." *Id.* at 345 (citing *Krinsk*, 875 F.2d at 411). The allegations in the *Evergreen* Plaintiffs' proposed SADC are similarly lacking (*see* Proposed SADC ¶¶ 30–44), thereby further contributing to its futility.

### d. Comparative Fee Structures

In support of the fifth *Gartenberg* factor of comparative fee structures, the *Evergreen* Plaintiffs allege that the fees charged were excessive relative to other similar funds. Specifically, Plaintiffs compare the Funds' expense ratios to the value weighted average of funds with similar strategic objectives. (Proposed SADC ¶ 54.) Assessing similar allegations made by the *Amron* plaintiffs, the Second Circuit determined that such comparisons "raise[ ] little suspicion under this fifth factor." *Amron*, 464 F.3d at 345 (citing *Gartenberg*, 694 F.2d at 929 ("If rates charged by

---

4. The Proposed SADC did not claim to make any allegations as to the second *Gartenberg* factor of profitability. (*See* Proposed SADC ¶ 28.)

the many other advisers were an affirmative competitive criterion, there would be little purpose in § 36(b).")).

In additional support of their comparative fee structures argument, Plaintiffs' proposed SADC contains comparisons of the fees charged through special programs and predominantly to retirement plans, financial services firms, and other institutional investors to those charged to individual investors. (Proposed SADC ¶¶ 55–59.) However, as has already been observed, such comparisons are not necessarily informative when assessing whether fees are disproportionate to the services rendered. *See Strougo v. BEA Assocs.*, 188 F.Supp.2d 373, 384 (S.D.N.Y.2002) (citing *Schuyt v. Rowe Price Prime Reserve Fund, Inc.*, 663 F.Supp. 962 (S.D.N.Y.1987), *aff'd* 835 F.2d 45 (2d Cir.1987)) ("While the issue of the lower charges made by CSAM to institutional clients might in a first instance produce a triable issue, it no longer does in view of *Gartenberg* and *Schuyt*.").

### e. *Independence and Conscientiousness of the Trustees*

Finally, in support of the sixth *Gartenberg* factor, Plaintiffs make allegations in the proposed SADC that the Funds' directors failed to act independently and conscientiously. (Proposed SADC ¶¶ 88–114.) Included are allegations that the Directors "receive handsome compensation" (*Id.* ¶ 110), and that it is "unlikely" that they "could devote the amount of time required" due to the number of portfolios they oversee and their other high level positions with other companies (*Id.*). Such allegations, however, were found to be insufficient as a matter of law by the *Amron* court. *See Amron*, 464 F.3d at 345 (citing *Migdal*, 248 F.3d at 330–31).

With respect to this sixth *Gartenberg* factor, the *Amron* court reiterated the ICA's express presumption that "mutual fund trustees and natural persons who do not own 25% of the voting securities are disinterested" and that "a plaintiff's 'burden to overcome this presumption is a heavy one.'" *Amron*, 464 F.3d at 344 (quoting *Strougo*, 188 F.Supp.2d at 380–81). Although the *Evergreen* Plaintiffs make additional allegations in the proposed SADC regarding the Di-

rectors failure to "perform their duties as 'watchdogs' of the Funds" (Proposed SADC ¶¶ 7, 88–114), such allegations are insufficient to survive a motion to dismiss a Section 36(b) claim.

As noted in the March 2006 Order:

> On a motion to dismiss a Section 36(b) claim, Plaintiffs need not assert facts supporting each of the six *Gartenberg* factors. However, ... Plaintiffs must cite some facts in support of the claim that the fees at issue were so disproportionately large that they bore no relationship to the services rendered.

*In re Evergreen*, 423 F.Supp.2d at 258 (citing *Gartenberg*, 694 F.2d at 928–30; *Strougo v. Scudder, Stevens, & Clark, Inc.*, 964 F.Supp. 783, 805 (S.D.N.Y.1997)). In their proposed SADC, Plaintiffs have attempted to allege facts in support of five out of the six *Gartenberg* factors. Based on the Second Circuit pleading standards enunciated in *Amron* and the "more exacting" discretion afforded when a motion to amend the complaint follows a judgment, *State Trading Corp.*, 921 F.2d at 418, Plaintiffs have not alleged sufficient facts to support even one of the *Gartenberg* factors. The proposed SADC would not survive a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., and would therefore be futile.

### *Conclusion*

For the foregoing reasons, under the authorities cited, and despite misgivings, Plaintiffs' motion to amend or alternatively set aside the judgment under Local Civil Rule 6.3 and Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure is denied. Therefore, because the judgment stands, Plaintiff's motion for leave to file a second amended derivative complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure is also denied.

It is so ordered.