IVAN VISIN SHIPPING, LTD., Plaintiff,

v.

ONEGO SHIPPING & CHARTERING B.V., Defendant.

No. 08 Civ. 1239(JSR).

United States District Court, S.D. New York.

April 14, 2008.

---

Michael E. Unger, Freehill, Hogan & Mahar, LLP, New York, NY, for Plaintiff.

Owen Francis Duffy, III, Chalos, O'Connor & Duffy, LLP, Port Washington, NY, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff Ivan Visin Shipping, LTD moves, pursuant to Local Rule 6.3, for reconsideration of the Court's Order dated March 12, 2008 and the Memorandum Order dated March 31, 2008 vacating the process of maritime attachment.

■ The standard for granting such a motion "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *see also* Rule 6.3, Local Civil Rules, S.D.N.Y. Controlling authority means decisions of the Second Circuit Court of Appeals, *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 118 (S.D.N.Y.2007), or the U.S. Supreme Court, and Local Rule 6.3 should be "strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *Dellefave v. Access Temps., Inc.*, 2001 WL 286771, *1 (S.D.N.Y. Mar. 22, 2001).

■ Here, plaintiff argues that the Court's holding that the District of New Jersey is a convenient adjacent jurisdiction to the Southern District of New York is wrong, but points to no controlling authority that the Court did not consider in its earlier order. Therefore, the motion for reconsideration must be denied.

In particular, plaintiff claims that *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 442 (2d Cir.2006), and two cases that the *Aqua Stoli* Court cited, namely *Integrated Container Serv., Inc. v. Starlines Container Shipping, Ltd.*, 476 F.Supp. 119, 124 (S.D.N.Y.1979) and *Det Bergenske Dampskibsselskab v. Sabre Shipping Corp.*, 341 F.2d 50, 52–53 (2d Cir.1965), establish that a "convenient adjacent jurisdiction" must be a district located in the same state as the attaching district. However, *Integrated Container* held that the availability of service of process upon the Secretary of State in Albany did not mean that the defendant was "found" within the district for the purpose of service of process, and that the attachment at issue was not unfair. 476 F.Supp. at 124–25. *Det Bergenske* said nothing at all about the location of a "convenient adjacent jurisdiction." *See* 341 F.2d 50. More importantly, *Aqua Stoli* itself explained a district court's vacatur power in this way:

we are persuaded that vacatur may be warranted when the defendant can show that it would be subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff. The concept of 'convenience,' however, is a narrowly circumscribed one: A district court may vacate a maritime attachment only if the defendant would be subject to an *in personam* lawsuit in a jurisdiction adjacent to the one in which the attachment proceedings were brought. An 'across the river' case where, for example, assets are attached in the Eastern District but the defendant is located in the Southern District is a paradigmatic example of a case where an attachment should be vacated. It is less clear to us

that a district court could vacate an attachment on convenience grounds where the adjacent district is more remote and therefore less obviously 'convenient' to the plaintiff.

460 F.3d at 444 (internal citations omitted). Although it used the Eastern and Southern Districts of New York as a "paradigmatic example" of a case where attachment should be vacated, the Court in *Aqua Stoli* did not state that such an example could not extend to the District of New Jersey or that a "convenient adjacent jurisdiction" could only be a district within the same state. On the contrary, the Court of Appeals stressed that the focus should be on convenience to the plaintiff, an inquiry not necessarily tied to whether the attaching district and the district where defendant is subject to personal jurisdiction are in the same state.

Plaintiff also points to *W. Bulk Carriers (Australia), Pty Ltd. v. P.S. Int'l, Ltd.*, 762 F.Supp. 1302 (S.D.Ohio 1991), which, plaintiff claims, "held that a 'convenient adjacent jurisdiction' did not mean a district in an adjoining state, but only one within the same state." Memorandum of Law in Support of Motion for Reconsideration at 6–7. While certainly not controlling, that case held nothing of the sort. Instead, the Southern District of Ohio, in a case decided fifteen years before *Aqua Stoli* and not cited in that decision, found that it had "discretion to set aside an unfair attachment where the use of the maritime remedy is abusive, such as where an attachment is obtained unfairly in one district while a proper lawsuit could be commenced in another district without unfairness or inconvenience. Here, although personal jurisdiction over defendant could have been obtained [ ] in the adjoining state of Indiana, the state of defendant's incorporation, there is insufficient evidence in the record to compel the conclusion that plaintiff filed this quasi in rem action in bad

faith or primarily for the purpose of harassment," and therefore the attachment should not be vacated. 762 F.Supp. at 1309 (internal citations omitted). It did not say anything about whether Indiana was a convenient adjacent district to the Southern District of Ohio.

Lastly, plaintiff points to *First Am. Bulk Carrier Corp. v. Van Ommeren Shipping (USA) LLC*, 540 F.Supp.2d 483 (S.D.N.Y. 2008), which was decided after the Court issued its "bottom-line" Order in this case. In *Van Ommeren Shipping*, one of my colleagues considered whether a maritime attachment should issue under Supplemental Rule B against a putative defendant named "SVO". The Court's holding was that SVO was not subject to personal jurisdiction in the Southern District of New York merely because it agreed to arbitrate in New York, and therefore was not "found" in the Southern District. In dicta, however, the Court went on to consider SVO's argument that it was amenable to jurisdiction in the District of Connecticut. The Court stated, without citation to any authority, that "the 'adjacent district' is generally viewed as one of another federal court within the same state (such as the Eastern District to the Southern District of New York), not one in a different state, even if the two states are adjacent." *Id.* at *2, 485. For the reasons already stated, the undersigned disagrees; but, in any event, because the decision does not constitute controlling authority, it does not support plaintiff's motion for reconsideration.

Accordingly, the motion for reconsideration is denied. Further, pursuant to a joint telephone conference held on April 2, 2008, counsel for plaintiff stipulated that nothing remained in the case if the motion for reconsideration was denied. Therefore, the Clerk of Court is hereby directed

to enter final judgment dismissing the case with prejudice. Finally, the attachment, the release of which was previously stayed, will be automatically released three business days after final judgment is entered by the Clerk.

SO ORDERED.