**GREAT EASTERN SHIPPING COMPANY LIMITED,** Plaintiff,

v.

**MARITIME TANKERS AND SHIPPING COMPANY INTERNATIONAL LIMITED a/k/a MTSC International Limited, Defendant.**

**No. 09 Civ. 502 (PKL).**

United States District Court, S.D. New York.

June 24, 2009.

Michael E. Unger, Freehill, Hogan & Mahar, LLP, New York, NY, for Plaintiff.

## MEMORANDUM ORDER

LEISURE, District Judge:

Plaintiff Great Eastern Shipping Company Limited ("Great Eastern") moves pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3") for reconsideration of the Court's decision denying Great Eastern's *ex parte* application for an order for process of maritime attachment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims ("Rule B"), and dismissing the complaint for lack of subject matter jurisdiction. For the following reasons, Great Eastern's motion is DENIED.

## BACKGROUND

### I. *Factual and Procedural History*

Great Eastern filed its verified complaint on January 20, 2009. In its complaint, Great Eastern asserted that defendant Maritime Tankers and Shipping Company International Limited a/k/a MTSC International Limited ("MTSC") breached a Memorandum of Agreement ("MOA") for the sale of the M/V Jag Rahul, an existing vessel in navigation, by failing to make payments of the purchase price and failing to take delivery of the vessel. (Compl. ¶¶ 4, 8, 10, 13.) Great Eastern alleged two sources of jurisdiction: admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and federal question jurisdiction pursuant to 9 U.S.C. §§ 201–08, the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (the "New York Convention"). (*Id.* ¶ 1.)

### II. *The Court's January 21, 2009 Order*

In its January 21, 2009 Order, the Court found that Great Eastern failed to assert a prima facie admiralty claim because admiralty jurisdiction does not reach a contract for the sale of a vessel, and failure to take delivery of a vessel is not a maritime obligation, nor does it implicate concerns of maritime commerce. (*See* Jan. 21, 2009 Order (the "Order"), Dkt. No. 3.) Moreover, the Court found no subject matter jurisdiction over plaintiff's claims because (i) subject matter jurisdiction could not be premised on 28 U.S.C. § 1333, as admiralty jurisdiction does not exist in actions involving the breach of a contract for the sale of a vessel, and (ii) federal question jurisdiction could not be premised on the New York Convention because Great Eastern did not seek to either compel arbitration or to enforce an arbitral award. Accordingly, the Court dismissed Great Eastern's complaint without prejudice.

## DISCUSSION

### I. *Motion for Reconsideration Standards*

Local Rule 6.3 permits a party to move for reconsideration of an order resulting in a judgment within ten days of entry of the

judgment. S.D. & E.D. N.Y. Local R. 6.3. District courts in the Second Circuit have held that motions for reconsideration or reargument "are narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000) (Sprizzo, J.) (citing *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (stating that a motion for reconsideration is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.")); *see Anglo Am. Ins. Group, P.L.C. v. CalFed Inc.*, 940 F.Supp. 554, 557 (S.D.N.Y.1996) (same).

Because the reviewing standard is strict, motions for reconsideration are usually denied unless the movant offers controlling decisions or facts that the Court originally overlooked, and that the movant could reasonably believe would have altered the Court's original decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990) (Leisure, J.)); *accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir.2003) (citing *Shrader* and affirming a denial of a motion for reconsideration where petitioners presented "neither factual matters nor controlling precedent [the Court] had overlooked that would have changed its decision"). "Controlling authority means decisions of the Second Circuit ... or the U.S. Supreme Court ...." *Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*, 543 F.Supp.2d 338, 339 (S.D.N.Y.2008) (Rakoff, J.).

II. *Motion for Reconsideration Standards as Applied to Great Eastern's Arguments*

Since Great Eastern's arguments in this motion essentially constitute an appeal of the Court's January 21, 2009 decision, its motion for reconsideration is improper. Great Eastern fails to cite any applicable controlling law or key facts that the Court initially overlooked. Therefore, the motion for reconsideration must be denied.

 In particular, Great Eastern claims that the Court overlooked the Supreme Court's decision in *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004) and the Second Circuit's decision in *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307 (2d Cir.2005). Great Eastern argues that these cases have enlarged the landscape of what claims fall within the confines of admiralty jurisdiction, so that a contract for the sale of a vessel is now a maritime contract within the Court's admiralty jurisdiction. However, *Kirby* and *Folksamerica* merely expanded the inquiry as to which contracts confer admiralty jurisdiction, instructing courts to examine the "nature and character" of the contract to see whether the contract refers to "maritime service or maritime transactions," rather than the mere fact of whether or not a ship is involved in the contract. *See Kirby*, 543 U.S. at 24, 125 S.Ct. 385 (internal quotation marks and quoted reference omitted); *Folksamerica*, 413 F.3d at 312 (quoting *Kirby*, 543 U.S. at 24, 125 S.Ct. 385 (internal quotation marks omitted)). Neither case announced a blanket rule that confers maritime jurisdiction on contracts involving vessels. *See Kirby*, 543 U.S. at 23, 125 S.Ct. 385 (explaining that "whether a ship or other vessel was involved in the dispute" is not dispositive of whether a contract is maritime); *Folksamerica*, 413 F.3d at 313; *Optimum Shipping & Trading, S.A. v. Prestige Marine Servs. Pte. Ltd.*, No. 08 Civ. 9533, 2009 WL 497341, at *1 (S.D.N.Y. Feb. 26, 2009) (Rakoff, J.). Moreover, both cases are distinguishable

in that they involved "mixed" contracts, and neither dealt solely with the sale of a vessel. *See Polestar Mar. Ltd. v. Nanjing Ocean Shipping Co. Ltd.*, 631 F.Supp.2d 304, 306–07, 2009 WL 1009868 (S.D.N.Y. 2009) (Lynch, J.); *Aggelikos Prostatis Corp. v. Shun Da Shipping Group Ltd.*, —— F.Supp.2d ——, ——, 2009 WL 249241 at *3 (S.D.N.Y.2009) (Koeltl, J.). (*See also* Order at 3 (distinguishing *Kalafrana Shipping Ltd. v. Sea Gull Shipping Co. Ltd.*, 591 F.Supp.2d 505, 510–11 (S.D.N.Y.2008), because the contract at issue involved the sale and repair of a vessel)).

■ The Court declines to adopt the view advanced by plaintiff and instead adheres, as it must, to Second Circuit controlling precedent, not yet overruled, which holds that contracts for the sale of a vessel are not maritime contracts within the Court's admiralty jurisdiction. *See The Ada*, 250 F. 194, 197–98 (2d Cir.1918) (Rogers, J., concurring); *see also Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 n. 5 (2d Cir.1989) ("Judge Leisure correctly ruled that admiralty jurisdiction under 28 U.S.C. § 1333 does not exist in actions involving the breach of a contract for the sale of a vessel."); *CTI–Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F.2d 377, 380 n. 4 (2d Cir.1982) ("A contract to purchase a vessel is outside admiralty jurisdiction . . . ."); *Optimum Shipping*, 2009 WL 497341, at *1 ("Reflecting its rich and varied evolution of accreted practice and cus-

tom, maritime law has many doctrines that are unique and explained only in the light of history; but the maritime business relies on them to set prices and define terms, so that tampering with such settled law should not be undertaken lightly."). The Court's decision is in line with the majority of decisions in this District that have held contracts for the sale of a vessel do not give rise to admiralty jurisdiction.[1] *See, e.g., Polestar*, 631 F.Supp.2d at 305, 2009 WL 1009868 at *2 ("Under well-established Second Circuit precedent dating back to 1918, '[a] contract to purchase a vessel is outside admiralty jurisdiction.' . . . '[T]his Court cannot ignore binding Second Circuit precedent, unless it is expressly or implicitly overruled.' " (quoted references omitted) (alterations in original)); *A. Elephant Corp. v. HiFocus Group Ltd.*, No. 08 Civ. 9969, 2009 WL 648893, at *4 (S.D.N.Y. Mar. 11, 2009) ("The Court is cognizant of the somewhat incongruous results that flow from application of *The Ada* . . . [h]owever, this Court is without authority to ignore clear precedents of the Circuit." (internal citations omitted)); *Aggelikos*, —— F.Supp.2d at ——, 2009 WL 249241 at *2 ("It is 'elementary hornbook law that a contract for the sale of a vessel is not within the admiralty jurisdiction of the district courts.' " (quoting *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 675 F.Supp. 146, 150 (S.D.N.Y.1987) (Leisure, J.), aff'd 875 F.2d

---

**1.** Great Eastern claims that recent cases in this District have permitted Rule B attachments for claims based upon alleged breaches of vessel sale agreements. (*See* PL's Mem. 4.) However, in two of the cases Great Eastern cites—*Optimum Shipping & Trading S.A. v. Prestige Marine Servs. Pte. Ltd.*, 08 Civ. 9533, and *Vrita Marine Co. Ltd. v. Seagulf Trading LLC*, 08 Civ. 5614—Judge Rakoff subsequently vacated the Rule B attachments in those cases, explaining that claims for breach of vessel sale agreements do not properly give rise to maritime jurisdiction. *See Optimum*

*Shipping & Trading, S.A. v. Prestige Marine Servs. Pte. Ltd.*, No. 08 Civ. 9533, 2009 WL 497341, at *1 (S.D.N.Y. Feb. 26, 2009); *Vrita Marine Co. Ltd. v. Seagulf Trading LLC*, 572 F.Supp.2d 411, 412 (S.D.N.Y.2008). In addition, although a Rule B attachment issued in *Carpentine Limited v. Stoczinia Szczecinska Nowa SP, Z.O.O.*, No. 09 Civ. 00358(GEL), in which the underlying action appears to involve redress for an alleged breach of a vessel sale agreement, Judge Lynch has recently held that vessel sale agreements do not fall within admiralty jurisdiction. *See Aggelikos Prostatis Corp. v. Shun Da Shipping Group*

388 (2d Cir.1989))); *Unicorn Bulk Traders Ltd. v. Fortune Mar. Enters., Inc.*, No. 08 Civ. 9710, 2009 WL 125751, at *3 (S.D.N.Y. Jan. 20, 2009) ("The Court is not persuaded that the Supreme Court and Second Circuit have overruled *The Ada sub silentio*, at least with respect to *The Ada*'s holding that a contract for the sale of a ship is not maritime in nature."); *Vrita Marine Co. Ltd. v. Seagulf Trading LLC*, 572 F.Supp.2d 411, 412 (S.D.N.Y.2008) (Rakoff, J.) ("[Failure to take delivery of a vessel] is a simple breach of a sale and purchase contract and does not turn a non-maritime contract into a maritime dispute."). It is also the rule adopted in many other circuits. (*See* Order at 2 (citing cases).)

■ Great Eastern also asks the Court to reconsider its ruling that subject matter jurisdiction does not lie in this case. Great Eastern argues that federal question jurisdiction exists because the commencement of an action under Rule B is the initial step in enforcing an arbitration agreement. (Pl.'s Mem. 10–11 (quoting Federal Arbitration Act, 9 U.S.C. § 8 ("If the basis of jurisdiction [is] a cause of action ... justiciable in admiralty ... the party claiming to be aggrieved may begin his proceeding hereunder by ... seizure of the vessel or other property of the other party ... and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon award.")).)[2] Great Eastern further argues that the Court has federal question jurisdiction because the complaint includes a request that the Court retain jurisdiction over the matter to recognize or enforce any award or judgment entered against MTSC in London arbitration. (*Id.* at 12 (citing Compl. ¶ 24); *see also* Compl. ¶ 16.)

■ Neither argument provides a basis for the exercise of subject matter jurisdiction in this case. First, no writ of attachment issued in this case because plaintiff failed to assert maritime claim in its complaint, and thus Great Eastern has not obtained preliminary relief in aid of arbitration. *See Unicorn Bulk*, 2009 WL 125751, at *4 (citations omitted). Absent a Rule B attachment pursuant to the Court's admiralty jurisdiction, there is no independent basis for jurisdiction under the Federal Arbitration Act.[3] *See Zurich Ins. Co. v. Ennia Gen. Ins. Co.*, 882 F.Supp. 1438, 1439 (S.D.N.Y.1995) ("As the [Federal] Arbitration Act does not constitute an independent grant of jurisdiction to the federal courts, a party seeking to compel arbitration in a federal court must establish an independent basis for subject matter jurisdiction." (citations omitted)). Second, as explained in the Court's January 21, 2009 decision (*see* Order at 4), the arbitrators must have issued a final decision before any arbitral award can be enforced. *See Unicorn Bulk*, 2009 WL 125751, at *4 ("[J]urisdiction may not be premised solely on the fact that [plaintiff] includes in its Amended Complaint a prayer for the enforcement of any arbitration award ultimately obtained, regardless of whether it

---

*Ltd.*, —— F.Supp.2d ——, ——, 2009 WL 249241, at *2 (S.D.N.Y.2009).

**2.** The Second Circuit has stated that the purpose of section 8 of the Federal Arbitration Act " 'is to relieve a party from making an election between the libel-cum-seizure remedy, on the one hand, and the order-to-arbitrate remedy, on the other hand ....' " *Result Shipping v. Ferruzzi Trading USA*, 56 F.3d 394, 399 (2d Cir.1995) (quoted reference omitted). Thus, a plaintiff that invokes a dis-

trict court's admiralty jurisdiction to attach a defendant's property pursuant to Rule B can "at the same time ... have the merits of the dispute resolved in arbitration." *Id.* (footnote omitted).

**3.** In the January 21, 2009 decision, the Court rejected Great Eastern's contention that jurisdiction could be premised on the New York Convention (*see* Compl. ¶ 1) because Great Eastern did not seek to either compel arbitration or to enforce a foreign arbitral award. (*See* Order at 4.)

has commenced arbitration. [Plaintiff] cannot seek to enforce an award ... until the arbitrators have actually rendered a final ruling." (citations omitted)). Accordingly, as the underlying claim does not involve a maritime contract, and there is no basis for the exercise of subject matter jurisdiction, the Court properly dismissed this case.

## CONCLUSION

For the foregoing reasons, Great Eastern's motion for reconsideration of the Court's January 21, 2009 Order is DENIED.

**SO ORDERED.**