**In re: Michael R. MORTON, Petitioner.**

**No. 12–50111.**

United States Court of Appeals, Fifth Circuit.

Feb. 13, 2012.

Ryan Bates, Richard Bernard Farrer, Esq., Kevin James Terrazas, Esq., Christian J. Ward, Attorney, Yetter Coleman, L.L.P., Austin, TX, for Michael R. Morton.

Jose Garza, San Antonio, TX, for League of United Latin American Citizens, District 19.

Bradford Eugene Bullock, Esq., McKamie Krueger, L.L.P., San Antonio, TX, for City of Boerne.

William Michael McKamie, Esq., McKamie Krueger, L.L.P., San Antonio, TX, for Patrick R. Heath, Mayor, R.L. Bien, Ann Reissig, Donald L. Gourley, Ben Stafford, Randy Bedwell, all in their Official Capacities as Members of the City Council for the City of Boerne, Kendall County, Texas.

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Because an expedited appeal pursuant to 28 U.S.C. § 1292(a)(1) and Rule 2 of the Federal Rules of Appellate Procedure is available, Petitioner Michael R. Morton cannot make the requisite showing for issuance of a writ of mandamus. Accordingly, we deny Morton's petition.

## I

A consent decree entered more than fifteen years ago requires the city of Boerne, Texas (the City) to employ an at-large cumulative voting method in selecting members of the city council. Previously, the district court modified that decree to provide for single-member voting districts. On appeal, another panel of this court reversed and remanded, holding that there was insufficient evidence before the district court to support the modification.[1] On remand, the district court entered a temporary order, once again ordering that the upcoming May 2012 city council elections be based on single-member districts. Morton has petitioned this court for a writ of mandamus and moved for a stay of the district court's temporary order.

## II

"[T]he Supreme Court has established three requirements that must be met before a writ may issue: (1) 'the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process'; (2) 'the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable'; and (3) 'even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.'"[2]

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438–40 (5th Cir.2011).

2. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir.2008) (en banc) (alteration in original) (quoting *Cheney v. U.S. Dist. Ct. for*

Morton's petition fails because he has other adequate means to attain the relief he desires. This court has jurisdiction of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions" as well as orders "hav[ing] the practical effect of granting or denying [an] injunction[ ]" if the order threatens " 'serious, perhaps irreparable, consequence,' and ... can be 'effectually challenged' only by immediate appeal."[3] The 1996 consent decree granted injunctive relief. The district court's February 3, 2012 temporary order at issue in Morton's petition is an order modifying the 1996 injunction. It is not a temporary restraining order. It falls within 28 U.S.C. § 1292(a)(1).

Although Morton argues that it would be impossible to obtain meaningful appellate relief pursuant to the normal appeals process due to the impending May 12, 2012 elections, Rule 2 of the Federal Rules of Appellate Procedure permits this court "to suspend any provision of [the Federal Rules of Appellate Procedure] in a particular case and order proceedings as it directs" in order "to expedite its decision or for other good cause."[4] Accordingly, 28 U.S.C. § 1292(a)(1) and Rule 2 provide Morton with other adequate means to attain review of the district court's temporary order, including the immediate filing of an interlocutory appeal.

\*     \*     \*

IT IS ORDERED that the petition for writ of mandamus is DENIED.

---

*D.C.*, 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004)).

**3.** 28 U.S.C. § 1292(a)(1); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988); *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981)

IT IS FURTHER ORDERED that the motion of the petitioner to stay the district court order of February 3, 2012, pending disposition of the petition is DENIED as MOOT.

---

(quoting *Balt. Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 99 L.Ed. 233 (1955)); *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 352 (5th Cir.2004).

